1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TOM BLAKE
   Deputy Attorney General
4  State Bar No. 51885
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA 94102-3664
      Telephone: (415) 703-5506
6     Fax: (415) 703-5480
      Email: tom.blake@doj.ca.gov
7  Attorneys for California Supreme Court and California
   Court of Appeal, Second Appellate District

8
                IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  **JOSHUA HILD,** | C 075107 TEH |
| 12                                    Plaintiff, | NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [Rule 12(b), F.R.C.P.]; POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 13            v. | |
| 14  **CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,** | |
| 15 | Date: December 3, 2007 |
| 16                                   Defendants. | Time: 10:00 a.m. |
| 17 | Ctrm: 12 – 19th Floor<br>Judge: Hon. Thelton E. Henderson |

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES      1

INTRODUCTION      1

ARGUMENT      2

I.      STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE.      2

II.      UNDER THE ROOKER-FELDMAN DOCTRINE, THE DISTRICT COURT LACKS JURISDICTION TO REVIEW COURT OF APPEAL DECISIONS.      2

III.      UNDER THE *YOUNGER* DOCTRINE, THE DISTRICT COURT SHOULD ABSTAIN.      5

     A.      All Conditions for *Younger* Abstention Are Met.      5

     B.      There Is No Right to a Second Level of Review by the California Supreme Court.      6

IV.      THE ELEVENTH AMENDMENT BARS THIS SUIT AGAINST THE STATE COURTS.      7

     A.      The Eleventh Amendment Precludes Federal Court Jurisdiction in This Suit Against State Courts.      7

     B.      The Eleventh Amendment Also Precludes Federal Court Jurisdiction as to Plaintiff's Claims for Costs or Money Damages Against State Courts.      8

V.      THE ANTI-INJUNCTION ACT PRECLUDES THE RELIEF SOUGHT BY PLAINTIFF.      9

VI.      TITLE 8, DIVISION 5 OF THE CALIFORNIA RULES OF COURT IS NOT CONSTITUTIONALLY INFIRM.      9

     A.      California State Appellate Courts Have Found the State's Publication Rules Constitutional      10

     B.      Federal Appellate Courts Have Found the State's Publication Rules Constitutional.      11

     C.      The Federal Selective Prospectivity Doctrine Does Not Invalidate the Title 8, Division 5 of the California Rules of Court.      12

CONCLUSION      13

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

i

1

## TABLE OF AUTHORITIES

2

**Page**

3  **Cases**

4

5  *Allah v. Superior Court of the State of California*
   871 F.2d 887 (9th Cir. 1989) .......................................................... 3

6  *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*
   398 U.S. 281 (1970) .......................................................... 3

7

8  *Atlantic Richfield Co. v. U.S. Dept. of Energy*
   977 F.2d 611 (Em.App., 1992) .......................................................... 12

9  *Barry v. Brower*
   864 F.2d 294 (3rd Cir. 1988) .......................................................... 3

10

11  *Branson v. Nott*
    62 F.3d 287 (9th Cir. 1995) .......................................................... 4, 5

12  *District of Columbia Court of Appeals v. Feldman*
    460 U.S. 462 (1983) .......................................................... 4

13

    *Dowden v. City of Sacramento*, 40 F.Supp.2d 1146, 1149 (E.D.Cal. 1999) .......................................................... 6

14

15  *Dubinka v. Judges of the Superior Court*
    23 F.3d 218 (9th Cir. 1994) .......................................................... 6

16  *Durning v. Citibank, N.A.*
    950 F.2d 1419 (9th Cir. 1991) .......................................................... 8

17

18  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
    544 U.S. 280 (2005) .......................................................... 4

19  *Franceschi v. Schwartz*
    57 F.3d 828 (9th Cir.1995) .......................................................... 8

20

21  *Gray v. First Winthrop Corp.*
    989 F.2d 1564 (9th Cir. 1993) .......................................................... 12

22  *Greater Los Angeles Council on Deafness, Inc. v. Zolin*
    812 F.2d 1103 (9th Cir. 1987) .......................................................... 8

23

24  *H.C. v. Koppel*
    203 F.3d 610, 613 (9th Cir. 2000) .......................................................... 5

25  *Hart v. Massanari,*
    266 F.3d 1155 (9th Cir. 2001) .......................................................... 11, 12

26

27

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

ii

**TABLE OF AUTHORITIES  (continued)**

Page

*Helvering v. Hallock*
309 U.S. 106 (1940)
[60 S.Ct. 444 84 L.Ed. 604, 125 A.L.R. 1368]                    10

*Huffman v. Pursue, Ltd.*
420 U.S. 592, 608 (1975)                    6

*In re Delorean Motor Co.*
991 F.2d 1236 (9th Cir. 1993)                    2

*In re Williams*
69 Cal.App.3d 840 (1977)                    11

*James B. Beam Distilling Co. v. Georgia*
501 U.S. 529 (1991)                    12

*Khanna v. State Bar of Cal.*, --- F.Supp.2d ----,
2007 WL 2611732 (N.D.Cal. 2007)                    1, 4

*Leone v. Medical Board*
22 Cal.4th 660  (2000)
94 Cal.Rptr.2d 61, 995 P.2d 191                    7

*Lindsey v. Normet*
405 U.S. 56 (1972)
92 S.Ct. 862, 31 L.Ed.2d 36.                    7

*Louis v. Supreme Ct. of Nevada*
490 F.Supp. 1174 (D.Nev. 1980)                    3

*Middlesex County Ethics Committee v. Garden State Bar Assn.*
457 U.S. 423 (1982)                    5, 6

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*
506 U.S. 139 (1993)                    7

*Pareto v. F.D.I.C.*
139 F.3d 696 (9th Cir. 1998)                    2

*Partington v. Gedan*
864 F.2d 464 (9th Cir. 1989)                    5

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984)                    7

*Penzoil Co. v. Texaco, Inc.*
481 U.S. 1 (1987)                    6

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

iii

**TABLE OF AUTHORITIES  (continued)**

Page

*People v. Chi Ko Wong*
18 Cal.3d 698  (1976)
135 Cal.Rptr. 392, 557 P.2d 976                                                   7

*People v. Green*
27 Cal.3d 1 (1980)
164 Cal.Rptr. 1, 609 P.2d 468                                                     7

*People v. Superior Court (Clark)*
22 Cal.App.4th 1541 (1994)                                                    10, 11

*Porter v. United Services Automobile Ass'n*
90 Cal.App.4th 837 (2001)                                                         7

*Razatos v. Colorado Supreme Court*
746 F.2d 1429 (10th Cir.)                                                         4

*Rooker v. Fidelity Trust Co.*
263 U.S. 413 (1923)
44 Ct. 149, 68 L.Ed. 362                                                       3, 4

*Sacramento & San Joaquin Drainage Dist. v. Superior Court*
196 Cal. 414, 238 P. 687 (1925)                                                   8

*Schmier v. The Supreme Court of California*
78 Cal.App.4th 703 (2000)                                                     10, 11

*Skaff v. Small Claims Court*
68 Cal.2d 76 (1968)
65 Cal.Rptr. 65, 435 P.2d 825                                                     7

*Steckman v. Hart Brewing Co.*
143 F.3d 1293 (9th Cir. 1998).                                                    2

*Transphase Systems, Inc. v. Southern California Edison Co.*
839 F. Supp. 711 (C.D. Cal. 1993).                                                2

*United States ex rel. Robinson Rancheria Citizens Council,*
971 F.2d 244 (9th Cir.1992)                                                    1, 4

*Will v. Michigan Dept. of State Police*
491 U.S. 58 (1967)                                                                9

*World Famous Drinking Emporium, Inc. v. City of Tempe*
820 F.2d 1079 (9th Cir. 1987).                                                    5

*Worldwide Church of God v. McNair*
805 F.2d 888 (9th Cir. 1986)                                                      4

*Younger v. Harris*
401 U.S. 37 (1971)                                                             5, 6

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

iv

**TABLE OF AUTHORITIES  (continued)**

Page

**Constitutional Provisions**

California Constitution
Article 6, §§ 1, 5 (West Supp. 1986)                                        8

United States Constitution
   Eleventh Amendment                                                     7-9


**Statutes**

28 United States Code
        §1257                                                            3, 4
        § 2283                                                              9

Federal. Rules of Civil Procedure
        Rule 12(b)                                                          2
        Rule 12(b)(6)                                                       2


**Court Rules**

California Rules of Court
        Rule  976(c)(2)                                                    12
        Rule 977                                                           10
        Rule 8.1105(c)                                                   2, 9
        Rule 8.1115                                                   1, 5, 11


**Other Authorities**

*Report and Recommendations*, November 2006
California Supreme Court Advisory Committee on
Rules for Publication of Court of Appeal Opinions                          6

Steven B. Katz, California's Curious Practice of "Pocket Review"
3 J.App. Prac. & Process 385 (2001)                                        12

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
075107 TEH

v

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 | TOM BLAKE
Deputy Attorney General
4 | State Bar No. 51885
   455 Golden Gate Avenue, Suite 11000
5 |    San Francisco, CA 94102-3664
   Telephone: (415) 703-5506
6 |    Fax: (415) 703-5480
   Email: tom.blake@doj.ca.gov
7 | Attorneys for California Supreme Court and California
Court of Appeal, Second Appellate District

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA HILD,** | C 075107 TEH |
| Plaintiff, | **NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [RULE 12(B), F.R.C.P.,]; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,** | |
| | Date:      December 3, 2007 |
| Defendants. | Time:     10:00 a.m.<br>Courtroom: 12 – 19th Floor<br>Judge:    Thelton E.<br>               Henderson |

**TO: PLAINTIFF JOSHUA HILD AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 3, 2007, at 10:00 a.m., in courtroom 12 of the

United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102,

defendants California Supreme Court and California Court of Appeal, Second Appellate District,

will move for an order pursuant to Rule 12(b), Federal Rules of Civil Procedure, dismissing the

complaint and each of the claims alleged therein against moving defendants on the grounds that the

Court is without subject matter jurisdiction; that this Court is without jurisdiction as to the State of

California and the courts and judicial branch officials thereof; and that the complaint fails to state

a claim upon which relief can be granted against the State of California and its courts.

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

1

1    This motion is based on this Notice of Motion, the accompanying papers, all other papers and

2  pleadings on file herein, and on such oral and documentary evidence as may be presented at the

3  hearing, if any.

4                                        **MOTION TO DISMISS**

5    Defendants California Supreme Court and California Court of Appeal, Second Appellate

6  District, move to dismiss the complaint on file herein on the specific grounds that the Court is

7  without subject matter jurisdiction, that this court is without jurisdiction as to the State of California

8  and the courts thereof; and that the complaint fails to state a claim upon which relief can be granted

9  against the moving defendants.

10    WHEREFORE, moving defendants pray as follows:

11    1. That the complaint on file herein and each claim for relief alleged therein be dismissed as

12  against moving defendants, and

13    2. That plaintiff be ordered to take nothing from moving defendants, and

14    3. That judgment be entered in favor of the moving defendants; and

15    4. For such other relief as the court deems just.

16        Dated:  October 24, 2007

17                              Respectfully submitted,

18                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

19
                                PAUL T. HAMMERNESS
20                              Supervising Deputy Attorney General

21                              /s/ Tom Blake

22                              TOM BLAKE
                                Deputy Attorney General

23                              Attorneys for California Supreme Court and California Court of
                                Appeal, Second Appellate District
24

25

26

27

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
075107 TEH

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2                  **INTRODUCTION**

3       The moving defendants are the Supreme Court of California and the California Court of Appeal,

4 Second Appellate District. The plaintiff is a teenager who won a state court personal injury verdict

5 against a utility company in Orange County, California. The verdict was reversed by the California

6 Court of Appeal. The Court of Appeal did not certify the decision for publication under Rule

7 8.1105, California Rules of Court.[1] Plaintiff has petitioned the California Supreme Court for review;

8 the Supreme Court will announce by November 2, 2007 whether or not it will grant review. See

9 docket report, *Hild v. Southern California Edison*, Cal. Supreme Court case No. S155161, attached

10 as Exhibit B.[2]

11      Without waiting for the Supreme Court's decision, plaintiff asks this court to declare that the

12 appellate decision against him is "null and void," on the theory that unpublished decisions are "the

13 product of an unconstitutional system of `selective prospectivity'." Compl., p. 10, lines 4-17; p. 13,

14 lines 10-14. Plaintiff further asks this court to order that the appeal of his personal injury case be

15 reheard by a "new and different panel" of the California Court of Appeal. Compl., p. 13, lines 15-18.

16      For good measure, the plaintiff also asks this court to enjoin the California Supreme Court and

17 the California Court of Appeal from enforcing Rule 8.1115 [citation of opinions]. Compl., p. 13,

18 lines 23-24.

19      Notably, the plaintiff does not ask that this court order the California Court of Appeal to certify

20 for publication the decision that reversed plaintiff's trial court verdict, although that would be a less

21 drastic intervention in the state courts.

---

24      1. All further references to Rules are to California Rules of Court. A copy of Title 8, Division 5 [publication of appellate opinions] of the California Rules of Court is Exhibit A.

26      2. The court may take notice of the California Supreme Court's docket. See *Khanna v. State Bar of Cal.*, --- F.Supp.2d ----, 2007 WL 2611732 (N.D.Cal. 2007), citing *United States ex rel. Robinson Rancheria Citizens Council*, 971 F.2d 244, 248 (9th Cir.1992) (taking judicial notice of "directly related" and potentially "dispositive" state court proceedings, even where information was not before the district court, when reviewing district court grant of motion to dismiss).

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

1

**ARGUMENT**

**I.**

**STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE.**

A motion to dismiss a complaint may be made on the ground of failure to state a claim upon which relief can be granted. Rule 12(b), Fed. R. Civ. P. 12(b). On a Rule 12(b)(6) motion, the burden of proof is on the defendant, and the court must accept as true all material allegations in the complaint. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept conclusory allegations or unreasonable inferences. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (9th Cir. 1993); *Transphase Systems, Inc. v. Southern California Edison Co .*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

Although leave to amend is to be liberally granted, where it is clear that amendment cannot cure the deficiencies of the complaint dismissal without leave to amend is proper. *Steckman v. Hart Brewing Co.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**II.**

**UNDER THE ROOKER-FELDMAN DOCTRINE, THE DISTRICT COURT LACKS JURISDICTION TO REVIEW COURT OF APPEAL DECISIONS.**

The plaintiff asks this district court to review two decisions of the state's Court of Appeal:

* a decision to reverse the trial court judgment that had stood in plaintiff's favor, and

* a decision not to certify the opinion for publication under Rule 8.1105(c).[3/]

---

3. Rule 8.1105(c), California Rules of Court, provides:
(c) Standards for certification
An opinion of a Court of Appeal or a superior court appellate division--whether it affirms or reverses a trial court order or judgment -- should be certified for publication in the Official Reports if the opinion:
(1) Establishes a new rule of law;
(2) Applies an existing rule of law to a set of facts significantly different from those stated in published opinions;
(3) Modifies, explains, or criticizes with reasons given, an existing rule of law;
(4) Advances a new interpretation, clarification, criticism, or construction of a provision of a constitution, statute, ordinance, or court rule;

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

2

1   Plaintiff is dissatisfied with the results of the state court appeal: the appellate court reversed a

2   large judgment in plaintiff's favor; plaintiff fears that the non-published status of the reversal

3   militates against the Supreme Court of California accepting his petition for review.

4   But federal district courts are not appropriate forums for the redetermination of state appellate

5   decisions. The proper avenue of appeal is to the California Supreme Court and thereafter, if a party

6   so elects, to the United States Supreme Court.[4] Under 28 U.S.C. sec. 1257, jurisdiction to review

7   state court judgments is with the United States Supreme Court only, not with the lower federal

8   courts. The district court is therefore powerless to review decisions of the California Court of

9   Appeal. See *Barry v. Brower*, 864 F.2d 294, 300 (3rd Cir. 1988) [principles of federalism preclude

10  a federal court's direct interference with a state court's conduct of state court litigation]. The federal

11  district courts lack jurisdiction to review state court judgments. *Allah v. Superior Court of the State*

12  *of California*, 871 F.2d 887, 890-91 (9th Cir. 1989)

13  Federal district courts are not appellate tribunals empowered to review state court actions for

14  alleged errors. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S.

15  281, 296 (1970). A federal court has no jurisdiction over issues that are "inextricably intertwined"

_____

17  (5) Addresses or creates an apparent conflict in the law;
18  (6) Involves a legal issue of continuing public interest;
    (7) Makes a significant contribution to legal literature by reviewing either the development of a
19  common law rule or the legislative or judicial history of a provision of a constitution, statute, or other
    written law;
20  (8) Invokes a previously overlooked rule of law, or reaffirms a principle of law not applied in a
    recently reported decision; or
21  (9) Is accompanied by a separate opinion concurring or dissenting on a legal issue, and publication
22  of the majority and separate opinions would make a significant contribution to the development of
    the law.
23
24  4.    As the district court noted in *Louis v. Supreme Ct. of Nevada*, 490 F.Supp. 1174
    (D.Nev. 1980):
25      "If the constitutional issues had been raised in the State Supreme Court and decided
        erroneously, appeal to the United States Supreme Court would have been the only
26      available procedure to correct the error; the jurisdiction of the U.S. District Courts
        is original only, and not appellate. [citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,
27      44 S.Ct. 149, 68 L.Ed. 362 (1923)."
    *Louis, supra*, 490 F.Supp. 1174, 1179.
28
    Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
    075107 TEH
                                        3

1   with allegations underlying the judgment of a state court. *District of Columbia Court of Appeals v.*

2   *Feldman,* 460 U.S. 462, 486-87 (1983). A claim is "inextricably intertwined" if the district court

3   must "scrutinize not only the challenged rule itself, but the [state court's] application of the rule..."

4   *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1433 (10th Cir.), *cert. den*, 471 U.S. 1016

5   (1984). As the Supreme Court held in *Feldman, supra,* 460 U.S. at 486-87, the district courts

6   exercise only original jurisdiction. The U.S. Supreme Court has exclusive jurisdiction to review

7   state decisions. *Id.* at 486. See also 28 U.S.C. §1257.

8       The U.S. Supreme Court recently affirmed that the *Rooker-Feldman* doctrine applies where the

9   federal plaintiff seeks to "overturn an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi*

10  *Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Reversal of a state court decision is, of course,

11  precisely what the instant plaintiff seeks in having the Court of Appeal decision declared "null and

12  void." Compl., p. 13, lines 10-14.

13      In *Khanna v. State Bar of Cal., supra,* __ F.Supp.2d __ , 2007 WL 2611732, this court held

14  that, while the *Rooker-Feldman* doctrine is not broad in application, the principle clearly applies

15  where, as here, plaintiff directly attacks a state court judgment:

16          "More recently, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.
            280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court, consistent
17          with the Ninth Circuit's interpretation of *Rooker-Feldman*, emphasized that the
            doctrine was limited in scope, being 'confined to ... ***cases brought by***
18          ***state-court losers complaining of injuries caused by state-court judgments***
            ***rendered before the district court proceedings commenced and inviting***
19          ***district court review and rejection of those judgments.***'"

20  *Khana, supra,* __ F.Supp.2d __ (emphasis added).

21      The district courts lack jurisdiction to review state court determinations even when the

22  challenge to the state court decision involves federal constitutional issues. *Branson v. Nott*, 62 F.3d

23  287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th Cir.

24  1986). Characterizing the action as a general constitutional challenge, such as by styling a state court

25  decision not to certify an opinion for publication "the product of an unconstitutional system of

26  'selective prospectivity'" (Compl., p. 10, lines 4-17; p. 13, lines 10-14), is of no avail to plaintiff.

27      District courts have no jurisdiction where it appears on the face of the complaint that the action

28

1   seeks, in effect, "a review of the merits of a state court action." *Branson, supra*, 62 F.3d at 292.

2   Indeed, the *Branson* court went further, holding under that a district court may *sua sponte* sanction

3   such a frivolous and abusive attempted use of judicial process by awarding sanctions under Rule 11,

4   Federal Rules of Civil Procedure.  *Branson, supra*, 62 F.2d 287, at 293-94.

5                                          **III.**

6   **UNDER THE *YOUNGER* DOCTRINE, THE DISTRICT COURT SHOULD ABSTAIN.**

7

8       The abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 42 (1971) militates for dismissal

9   of this matter. The *Younger* abstention doctrine bars federal courts from interfering with pending

10  state court proceedings.  In *Younger*, the U.S. Supreme Court reversed a district court's

11  determination that the California Criminal Syndicalism Act, under which defendant had been

12  indicted, was unconstitutionally vague and over-broad.  The Supreme Court held that the federal

13  court could not enjoin the proceedings because the state criminal action was still pending. *Ibid.*

14  **A.  All Conditions for *Younger* Abstention Are Met.**

15      *Younger* abstention is triggered where the state proceedings interfered with are (1) ongoing, (2)

16  implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate

17  federal claims. *H.C. v. Koppel* 203 F.3d 610, 613 (9th Cir. 2000); *Partington v. Gedan* 864 F.2d 464,

18  470, (9th Cir. 1989) citing *Middlesex County Ethics Committee v. Garden State Bar Assn.* 457 U.S.

19  423, 432 (1982); *World Famous Drinking Emporium, Inc. v. City of Tempe* 820 F.2d 1079, 1081 (9th

20  Cir. 1987).  All three conditions are met in the present action.

21      The first condition is readily met because plaintiff has petitioned the California Supreme Court

22  for review.  Plaintiff is concerned about the application of the non-citation rule, Rule 8.1115, to his

23  impending appeal, although as previously noted the Supreme Court of California now has his

24  petition for review under submission.  While plaintiff contends that the Supreme Court is less likely

25  to grant his petition for review because the Court of Appeal decision against him is unpublished, he

26  cannot thwart the "ongoing proceeding" condition by simply ignoring (or even by foregoing) his state

27  appellate remedies.  Plaintiff's complaint fails to mention that he has petitioned the California

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

1   Supreme Court for review, although as noted above he has in fact done so. That fact alone entirely

2   defeats standing in this court, at least until the California Supreme Court acts on his petition.

3        A necessary concomitant of the *Younger* doctrine is that the state plaintiff must exhaust

4   appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.* 420 U.S. 592,

5   608 (1975). Further, neither plaintiff's assertion that non-publication reduces his chances for

6   Supreme Court review nor his assessment of his likelihood of success in the Supreme Court is

7   material to abstention. See *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 224 (9th Cir. 1994).

8        The second condition for abstention is that the state proceedings implicate important state

9   interests. The correct adjudication of the underlying high-dollar civil case is a matter of significant

10  state interest and, more importantly, the integrity of the state courts' system of managing appellate

11  citation is an important state interest. See *Report and Recommendations*, November 2006, California

12  Supreme Court Advisory Committee on Rules for Publication of Court of Appeal Opinions,

13  appended to plaintiff's Complaint as Exhibit 2.

14       The third condition for *Younger* abstention is that the state proceedings provide an adequate

15  forum for litigating federal claims. A state proceeding provides an adequate forum for *Younger*

16  abstention purposes unless state procedural law clearly bars interposition of the federal claims.

17  *Penzoil Co. v. Texaco, Inc.* (1987) 481 U.S. 1, 14; *Dubinka v. Judges of the Superior Court* (9th Cir.

18  1994) 23 F.3d 218, 224. Here, the plaintiff does not identify any federal claim that he is or would

19  be precluded from adjudicating. It is plaintiff's burden to show that he would be barred from raising

20  federal claims in the state proceedings. *Penzoil, supra*, 481 U.S. at 14; *Dowden v. City of*

21  *Sacramento*, 40 F.Supp.2d 1146, 1149 (E.D.Cal. 1999). Here, plaintiff alleges no such impediment.

22  Moreover, the Supreme Court has rejected any presumption that state courts will not safeguard

23  federal constitutional rights. *Middlesex County Ethics Committee v. Garden State Bar Association*

24  (1982) 457 U.S. 423.

25  **B.   There Is No Right to a Second Level of Review by the California Supreme Court.**

26       The plaintiff alleges as a constitutional violation that his petition for review in the California

27  Supreme Court might not be granted. However, California law provides for only one appeal as a

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
075107 TEH

1  matter of right, and there is no federal right to appeal. In the instant case, the plaintiff has had the

2  mandated appeal by California law, although he did not like the result. The plaintiff does not, and

3  cannot, assert that there is any constitutional right to a have a second level of appeal in the state

4  Supreme Court, any more than he could assert a right to have his case heard in the United States

5  Supreme Court. See *Porter v. United Services Automobile Ass'n*, 90 Cal.App.4th 837 (2001):

6        "Subject to certain narrow constitutional limitations, there is no right to appeal.
         (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 665-670, 94 Cal.Rptr.2d 61,
7        995 P.2d 191; *Lindsey v. Normet* (1972) 405 U.S. 56, 77, 92 S.Ct. 862, 31
         L.Ed.2d 36.) Rather, absent constitutional restrictions, the right to appeal is
8        wholly statutory. (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709, 135
         Cal.Rptr. 392, 557 P.2d 976 disapproved on another point in *People v. Green*
9        (1980) 27 Cal.3d 1, 33-35, 164 Cal.Rptr. 1, 609 P.2d 468 ["a judgment or order
         is not appealable unless expressly made so by statute"]; *Skaff v. Small Claims*
10       *Court* (1968) 68 Cal.2d 76, 78, 65 Cal.Rptr. 65, 435 P.2d 825 ["a party
         possesses no right of appeal except as provided by statute"].)"

11
    *Porter v. United Services Automobile Ass'n, supra*, 90 Cal.App.4th 837 at 839-840.

12
                                              IV.

13
    **THE ELEVENTH AMENDMENT BARS THIS SUIT AGAINST THE STATE**
14  **COURTS.**

15      **A.    The Eleventh Amendment Precludes Federal Court Jurisdiction in This Suit**
                **Against State Courts.**
16
    The Eleventh Amendment of the United States Constitution provides:
17
            "[T]he judicial power of the United States shall not be construed to extend to
18          any suit in law or equity, commenced or prosecuted against one of the United
            States by citizens of another state . . . ."
19

20  U.S. Const. Amend. XI. The Eleventh Amendment bars suits against states and their agencies for

21  equitable relief as well as for damages. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

22  100 (1984). A state's sovereign immunity extends to state agencies and to state officers, who act on

23  behalf of the state and can therefore assert the state's sovereign immunity. *P.R. Aqueduct & Sewer*

24  *Auth. v. Metcalf & Eddy*, 506 U.S. 139, 142-46 (1993); *Pennhurst, supra*, 465 U.S. at 101.

25      The Eleventh Amendment bars suits which seek either damages *or injunctive relief* against a

26  state, an arm of the state, its instrumentalities or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d

27  1419, 1422-23 (9th Cir. 1991). A state court is an "arm of the state" for purposes of Eleventh

28

1   Amendment immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995). The Court of

2   Appeal is a court of the State of California. Cal. Const., art. 6 sec. 3 (West 1987). In *Greater Los*

3   *Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), plaintiff sought

4   monetary, injunctive and declaratory relief after county officials refused to provide sign-language

5   interpreters at public expense. Holding that the Eleventh Amendment precluded equitable relief

6   against the state court, the Ninth Circuit emphasized that the state's trial court is a state agency:

7       ". . . state case law and constitutional provisions make clear that the Court is a
        State agency. See Cal. Const. art. 6 §§ 1, 5 (West Supp. 1986); *Sacramento &*
8       *San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414,432, 238 P. 687,
        694 (1925). The official name of the court is the Superior Court of the State of
9       California; its geographical location within any particular county cannot change
        the fact that the court derives its power from the State and is ultimately
10      regulated by the State."

11  *Greater Los Angeles Council, supra,* 812 F.2d at 1110. The Ninth Circuit therefore held that "We

12  conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh

13  amendment." *Ibid*. The Ninth Circuit elaborated underlying policy consideration:

14      "The judicial process is an arena of open conflict, and in virtually every case
        there is, if not always a winner, at least one loser. It is inevitable that many of
15      those who lose will pin the blame on judges, prosecutors, or witnesses and will
        bring suit against them in an effort to relitigate the underlying conflict."
16

17  *Id.,* 1108.

18      Importantly, the Court of Appeals further held that "Since the eleventh amendment by its terms

19  bars suits against a state in 'law or equity,' ***our holding necessarily applies also to plaintiffs' claims***

20  ***against the Superior Court for injunctive and declaratory relief***." (Emphasis added) *Ibid.*, fn 10.

21      Here, plaintiff's allegations all relate to the decisions of defendant Court of Appeal to, first,

22  reverse the personal injury judgment that is pending in the Supreme Court and, second, to not to

23  certify the reversal as a citeable precedent. Given the bar of Eleventh Amendment immunity,

24  plaintiff's equitable claims against the Supreme Court of California and the Court of Appeal, Second

25  District, are barred.

26

27

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
075107 TEH

8

1    **B.    The Eleventh Amendment Also Precludes Federal Court Jurisdiction as to**
      **Plaintiff's Claims for Costs or Money Damages Against State Courts.**

2

3        To the extent that the plaintiff seeks relief on a theory that judicial errors in the state courts

4    entitle him to recover money for damages or costs, he also is barred by the Eleventh Amendment.

5    Plaintiff alleges that the Court of Appeal and the California Supreme Court are liable for incorrectly

6    deciding his personal injury action and for not certifying the result for citation as precedent in later

7    cases.  His suit is directed against the state courts, and therefore against the State itself, and it is

8    therefore barred by the Eleventh Amendment.  The Eleventh Amendment bars such suits for money

9    damages in federal court unless the defendant has waived immunity or Congress has exercised its

10   power under the Fourteenth Amendment to override that immunity. *Will v. Michigan Dept. of State*

11   *Police,* 491 U.S. 58, 66 (1967).

12                                          **V.**

13   **THE ANTI-INJUNCTION ACT PRECLUDES THE RELIEF SOUGHT BY**
      **PLAINTIFF.**

14

15       Plaintiff seeks to enjoin the defendants, the State of California's highest court and its

16   intermediate appellate court, from enforcing rules adopted by the Supreme Court to govern the

17   citation of precedent in state courts. Compl, p. 13, lines 23-24.  Such an injunction would not only

18   go to controversies not ripe, but would expressly violate the Federal Anti-Injunction Act.  That

19   statute, 28 U.S.C., sec. 2283 provides that "A court of the United States may not grant an injunction

20   to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where

21   necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Here, there is no

22   express authorization of Congress, no need to preserve this court's jurisdiction, and no federal

23   judgment to effectuate.

24                                          **VI.**

25   **TITLE 8, DIVISION 5 OF THE CALIFORNIA RULES OF COURT IS NOT**
      **CONSTITUTIONALLY INFIRM.**

26

27       Although there is no reason for this court to reach the merits of plaintiff's allegations that Rule

28

1  8.1115 is unconstitutional, it may be noted in passing that every appellate court, state or federal, that

2  has considered the validity of Rule 977,[5] California Rules of Court, has concluded that California's

3  system for managing the creation of precedent is valid.

4  **A.   California State Appellate Courts Have Found the State's Publication Rules Constitutional.**

6  In *Schmier v. The Supreme Court of California*, 78 Cal.App.4th 703 (2000), the California Court of

7  Appeal approved the trial court's denial of an injunction against operation of what were then Rules

8  976-979:

> "To the extent appellant suggests that the common law of England requires that all appellate decisions will be published and may be cited as authority, such a rule is inconsistent with the Constitution and laws of this state, including the rules of court, which have the force of positive law. [Citation.] `As a rule of conduct, [common law] may be changed at the will of the [L]egislature, unless prevented by constitutional limitations. The great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances. [Citation.]' [Citation.] By specifically empowering the Supreme Court to determine which opinions of the Court of Appeal are appropriate for publication, the Legislature and the electorate have clearly disclosed an intent that the decisional law of this state does not require publication of every opinion of the intermediate appellate courts. Rather, the Supreme Court appropriately determines by selective publication the evolution and scope of this state's decisional law.

> "Nor do the rules contravene the doctrine of *stare decisis*, which obligates inferior courts to follow the decisions of courts exercising superior jurisdiction. [Citation.] Although the doctrine embodies an important social policy by representing an element of continuity in law and serving the psychological need to satisfy expectations, it is a principle of judicial policy, not a rule of constitutional or statutory dimension. (See *Helvering v. Hallock* (1940) 309 U.S. 106, 119 [60 S.Ct. 444, 451, 84 L.Ed. 604, 125 A.L.R. 1368].) Therefore, the Supreme Court–California's highest court–is the appropriate body to establish policy for determining those Court of Appeal opinions entitled to the precedential value of the *stare decisis* doctrine.

22  *Schmier, supra,* 78 Cal.App.4th 703, 709-710.

23  For example, in *People v. Superior Court (Clark)* 22 Cal.App.4th 1541 (1994), the Court

24  of Appeal issued a writ of mandate to reinstate special circumstances allegations in a murder

---

27  5. Now Rule 8.1105. A January 1, 2007 amendment, adopted June 30, 2006 as part of the reorganization of the California Rules of Court, renumbered this rule, and made nonsubstantive changes. (Title 8, Division 5 of the California Rules of Court is attached as Exhibit A, supra.)

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

10

1  prosecution. Defendants alleged that the law of special circumstances had been rendered uncertain

2  after simultaneous passage of Propositions 114 and 115, followed by a Court of Appeal opinion that

3  was depublished after appearing in the advance sheets. Accepting the validity of the publication

4  rules, the *Clark* court summarized the operation of the rules:

5      "In short, while an appellate court may certify (i.e., approve) an opinion for
       publication, the ultimate decision as to whether the opinion shall be published
6      rests with the Supreme Court.

7  *People v. Superior Court (Clark), supra,* 22 Cal.App.4th 1541, 1547-48.

8      In *In re Williams,* 69 Cal.App.3d 840, 842 (1977), the Court of Appeal ordered the Adult

9  Authority to consider narcotics trafficker Williams for parole without regard to a five-year minimum

10  incarceration period that it found constitutionally disproportionate. The court recognized that the

11  precedential value of an earlier opinion had "died aborning when the Supreme Court inexplicably

12  ordered the [earlier] opinion not to be published," but the *Williams* court did not cast doubt on the

13  authority of the Supreme Court to eliminate the case as a citable precedent.

14  **B.    Federal Appellate Courts Have Found the State's Publication Rules Constitutional.**

15      Similarly, the federal courts that have considered the question of selective publication have

16  approved publication rules. (The Ninth Circuit and other federal jurisdictions have only recently

17  changed their citability and publication rules as a policy choice.) For instance, the Ninth Circuit

18  upheld the circuit's publication rule in *Schmier v. Ninth Circuit Court of Appeal* (9th Cir. 2001) 279

19  F.3d 817, decided chiefly on standing grounds. Like California's then-Rule 977 (renumbered as Rule

20  8.1555), the Ninth Circuit's Rule 36-3 provided that dispositions other than opinions and orders

21  designated for non-publication were not precedential and may not be cited except when relevant

22  under the doctrines of law of the case, res judicata, or collateral estoppel.

23      After the Ninth Circuit's *Schmier* decision, Judge Kozinski of that court wrote learnedly and

24  with approval of the California depublication rules. In *Hart v. Massanari,* 266 F.3d 1155 (9th Cir.

25  2001), the Ninth Circuit affirmed the constitutionality of the its then-parallel Ninth Circuit Rule

26  36-3. In footnote 30, the Ninth Circuit Court of Appeals held:

27      "Some state court systems apply the binding authority principle differently than
       do the federal courts. In California, for example, an opinion by one of the
28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C
075107 TEH

11

1    courts of appeal is binding on all trial courts in the state, not merely those in the
     same district. . . . . California's management of precedent differs from that of
2    the federal courts in another important respect: The California Supreme Court
     may "depublish" a court of appeal opinion--i.e., strip a published decision of its
3    precedential effect. See Cal. R. Ct. 976(c)(2); Steven B. Katz, California's
     Curious Practice of "Pocket Review", 3 J.App. Prac. & Process 385 (2001).
4    California's depublication practice shows that it is possible to adopt more
     aggressive methods of managing precedent than those used by the federal
5    courts."

6    *Hart, supra,* 266 F.3d 1155, 1174, fn 30.

7    **C.    The Federal Selective Prospectivity Doctrine Does Not Invalidate the Title 8, Division 5**
        **of the California Rules of Court.**

8

9    Plaintiff's citation (Compl., p. 4, lines 8-13) of *James B. Beam Distilling Co. v. Georgia,* 501

10   U.S. 529 (1991) is inapposite. As the Ninth Circuit observed in *Gray v. First Winthrop Corp.,* 989

11   F.2d 1564, 1571 (9th Cir. 1993):

12       "*Beam* stands for the proposition that once the Supreme Court has announced
         a new rule and applied it to the parties before the Court, that new rule must be
13       applied by the courts retroactively to all pending cases not barred by procedural
         requirements or res judicata. 501 U.S. at ----, 111 S.Ct. at 2448. The *Beam*
14       Court rejected the possibility that courts could switch legal rules on and off by
         applying new rules on a selectively prospective basis; courts cannot `apply a
15       new rule in the case in which it is pronounced, [but] then return to the old one
         with respect to all others arising on facts predating the pronouncement.' *Id.* at
16       ----, 111 S.Ct. at 2444."

17   *Gray, supra,* 989 F.2d at 1571-72.

18   The *Beam* case, involving application of a state liquor tax, was a plurality decision in which the

19   justices differed greatly in their rationale. Justice Souter's opinion, joined only by Justice Stevens,

20   was based on the principles of *stare decisis,* equality, and the rule of law generally. However,

21   Justices Blackmun and Scalia, in separate opinions joined by Justice Marshall, concurred in the

22   judgment on the grounds that Article III prohibited prospectivity for the Supreme Court's own

23   decisions. Thus, *Beam* does not preclude selective prospectivity as a constitutional matter. See

24   *Atlantic Richfield Co. v. U.S. Dept. of Energy,* 977 F.2d 611 (Em.App., 1992). The Ninth Circuit

25   has held, "It is a "fundamental misconception that *Beam* was a constitutionally-based decision. But

26   even if *Beam* were constitutionally based, it addressed the Court's Article III powers and not

27   Congress' Article I powers."

28

1

## CONCLUSION

2    For the foregoing reasons, and because amendment would be patently futile, the complaint

3  should be dismissed with prejudice.

4        Dated:  October 24, 2007

5                        Respectfully submitted,

6                        EDMUND G. BROWN JR.
                         Attorney General of the State of California

7                        PAUL T. HAMMERNESS
                         Supervising Deputy Attorney General

8                        /s/ Tom Blake

9

10                       TOM BLAKE
                         Deputy Attorney General

11                       Attorneys for California Supreme Court and California Court of
                         Appeal, Second Appellate District

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Hearing; Motion to Dismiss Complaint [Rule 12(b, F.R.C.P.]; Points and Authorities in Support Thereof - C 075107 TEH

13

# EXHIBIT A

# Division 5

# PUBLICATION OF APPELLATE OPINIONS

**Rule**
8.1100.   Authority.
8.1105.   Publication of appellate opinions.
8.1110.   Partial publication.
8.1115.   Citation of opinions.
8.1120.   Requesting publication of unpublished opinions.
8.1125.   Requesting depublication of published opinions.

*Division 5, effective Jan. 1, 2007, was adopted June 30, 2006 as part of the reorganization of the California Rules of Court.*

## RULE 8.1100.   AUTHORITY

The rules governing the publication of appellate opinions are adopted by the Supreme Court under section 14 of article VI of the California Constitution and published in the California Rules of Court at the direction of the Judicial Council.

*(Adopted, eff. Jan. 1, 2007.)*

## RULE 8.1105.   PUBLICATION OF APPELLATE OPINIONS

### (a) Supreme Court

All opinions of the Supreme Court are published in the Official Reports.

### (b) Courts of Appeal and appellate divisions

Except as provided in (d), an opinion of a Court of Appeal or a superior court appellate division is published in the Official Reports if a majority of the rendering court certifies the opinion for publication before the decision is final in that court.

### (c) Standards for certification

An opinion of a Court of Appeal or a superior court appellate division—whether it affirms or reverses a trial court order or judgment— should be certified for publication in the Official Reports if the opinion:

(1) Establishes a new rule of law;

(2) Applies an existing rule of law to a set of facts significantly different from those stated in published opinions;

(3) Modifies, explains, or criticizes with reasons given, an existing rule of law;

(4) Advances a new interpretation, clarification, criticism, or construction of a provision of a constitution, statute, ordinance, or court rule;

(5) Addresses or creates an apparent conflict in the law;

(6) Involves a legal issue of continuing public interest;

(7) Makes a significant contribution to legal literature by reviewing either the development of a common law rule or the legislative or judicial history of a provision of a constitution, statute, or other written law;

(8) Invokes a previously overlooked rule of law, or reaffirms a principle of law not applied in a recently reported decision; or

(9) Is accompanied by a separate opinion concurring or dissenting on a legal issue, and publication of the majority and separate opinions would make a significant contribution to the development of the law.

### (d) Factors not to be considered

Factors such as the workload of the court, or the potential embarrassment of a litigant, lawyer, judge, or other person should not affect the determination of whether to publish an opinion.

### (e) Changes in publication status

(1) Unless otherwise ordered under (2), an opinion is no longer considered published if the Supreme Court grants review or the rendering court grants rehearing.

(2) The Supreme Court may order that an opinion certified for publication is not to be published or that an opinion not certified is to be published. The Supreme Court may also order publication of an opinion, in whole or in part, at any time after granting review.

### (f) Editing

(1) Computer versions of all opinions of the Supreme Court and Courts of Appeal must be provided to the Reporter of Decisions on the day of filing. Opinions of superior court appellate divisions certified for publication must be provided as prescribed in rule 8.707.

(2) The Reporter of Decisions must edit opinions for publication as directed by the Supreme Court. The Reporter of Decisions must submit edited opinions to the courts for examination, correction, and approval before finalization for the Official Reports.

*(Formerly Rule 976, adopted, eff. Jan. 1, 2005.  Renumbered Rule 8.1105 and amended, eff. Jan. 1, 2007.  As amended, eff. April 1, 2007.)*

## RULE 8.1110.   PARTIAL PUBLICATION

### (a) Order for partial publication

A majority of the rendering court may certify for publication any part of an opinion meeting a standard for publication under rule 8.1105.

### (b) Opinion contents

The published part of the opinion must specify the part or parts not certified for publication. All material, factual and legal, including the disposition, that aids in the application or interpretation of the published part must be published.

**Rule 8.1110**                APPELLATE RULES                                    488

**(c) Construction**

For purposes of rules 8.1105, 8.1115, and 8.1120, the published part of the opinion is treated as a published opinion and the unpublished part as an unpublished opinion.

*(Formerly Rule 976.1, adopted, eff. Jan. 1, 2005. Renumbered Rule 8.1110 and amended, eff. Jan. 1, 2007.)*

RULE 8.1115. CITATION OF OPINIONS

**(a) Unpublished opinion**

Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action.

**(b) Exceptions**

An unpublished opinion may be cited or relied on:

(1) When the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or

(2) When the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action.

**(c) Citation procedure**

A copy of an opinion citable under (b) or of a cited opinion of any court that is available only in a computer-based source of decisional law must be furnished to the court and all parties by attaching it to the document in which it is cited or, if the citation will be made orally, by letter within a reasonable time in advance of citation.

**(d) When a published opinion may be cited**

A published California opinion may be cited or relied on as soon as it is certified for publication or ordered published.

*(Formerly Rule 977, adopted, eff. Jan. 1, 2005. Renumbered Rule 8.1115 and amended, eff. Jan. 1, 2007.)*

Advisory Committee Comment

A footnote to a previous version of this rule stated that a citation to an opinion ordered published by the Supreme Court after grant of review should include a reference to the grant of review and to any subsequent Supreme Court action in the case. This footnote has been deleted because it was not part of the rule itself and the event it describes rarely occurs in practice.

RULE 8.1120.  REQUESTING PUBLICATION OF UNPUBLISHED OPINIONS

**(a) Request**

(1) Any person may request that an unpublished opinion be ordered published.

(2) The request must be made by a letter to the court that rendered the opinion, concisely stating the person's interest and the reason why the opinion meets a standard for publication.

(3) The request must be delivered to the rendering court within 20 days after the opinion is filed.

(4) The request must be served on all parties.

**(b) Action by rendering court**

(1) If the rendering court does not or cannot grant the request before the decision is final in that court, it must forward the request to the Supreme Court with a copy of its opinion, its recommendation for disposition, and a brief statement of its reasons. The rendering court must forward these materials within 15 days after the decision is final in that court.

(2) The rendering court must also send a copy of its recommendation and reasons to all parties and any person who requested publication.

**(c) Action by Supreme Court**

The Supreme Court may order the opinion published or deny the request. The court must send notice of its action to the rendering court, all parties, and any person who requested publication.

**(d) Effect of Supreme Court order to publish**

A Supreme Court order to publish is not an expression of the court's opinion of the correctness of the result of the decision or of any law stated in the opinion.

*(Formerly Rule 978, adopted, eff. Jan. 1, 2005. Renumbered Rule 8.1120, eff. Jan. 1, 2007.)*

Advisory Committee Comment

**Subdivision (a).** This rule previously required generally that a publication request be made "promptly," but in practice the term proved so vague that requests were often made after the Court of Appeal had lost jurisdiction. To assist persons intending to request publication and to give the Court of Appeal adequate time to act, this rule was revised to specify that the request must be made within 20 days after the opinion is filed. The change is substantive.

**Subdivision (b).** This rule previously did not specify the time within which the Court of Appeal was required to forward to the Supreme Court a publication request that it had not or could not have granted. In practice, however, it was not uncommon for the court to forward such a request after the Supreme Court had denied a petition for review in the same case or, if there was no such petition, had lost jurisdiction to grant review on its own motion. To assist the Supreme Court in timely processing publication requests, therefore, this rule was revised to require the Court of Appeal to forward the request within 15 days after the decision is final in that court. The change is substantive.

RULE 8.1125.  REQUESTING DEPUBLICATION OF PUBLISHED OPINIONS

**(a) Request**

(1) Any person may request the Supreme Court to order that an opinion certified for publication not be published.

(2) The request must not be made as part of a petition for review, but by a separate letter to the Supreme Court not exceeding 10 pages.

PUBLICATION OF APPELLATE OPINIONS                **Rule 8.1125**

(3) The request must concisely state the person's interest and the reason why the opinion should not be published.

(4) The request must be delivered to the Supreme Court within 30 days after the decision is final in the Court of Appeal.

(5) The request must be served on the rendering court and all parties.

**(b) Response**

(1) Within 10 days after the Supreme Court receives a request under (a), the rendering court or any person may submit a response supporting or opposing the request. A response submitted by anyone other than the rendering court must state the person's interest.

(2) A response must not exceed 10 pages and must be served on the rendering court, all parties, and any person who requested depublication.

**(c) Action by Supreme Court**

(1) The Supreme Court may order the opinion depublished or deny the request. It must send notice of its action to the rendering court, all parties, and any person who requested depublication.

(2) The Supreme Court may order an opinion depublished on its own motion, notifying the rendering court of its action.

**(d) Effect of Supreme Court order to depublish**

A Supreme Court order to depublish is not an expression of the court's opinion of the correctness of the result of the decision or of any law stated in the opinion.

*(Formerly Rule 979, adopted, eff. Jan. 1, 2005. Renumbered Rule 8.1125, eff. Jan. 1, 2007.)*

**Advisory Committee Comment**

**Subdivision (a).** This subdivision previously required depublication requests to be made "by letter to the Supreme Court," but in practice many were incorporated in petitions for review. To clarify and emphasize the requirement, the subdivision was revised specifically to state that the request "must not be made, as part of a petition for review, but by a separate letter to the Supreme Court not exceeding 10 pages." The change is not substantive.

# EXHIBIT B

California Courts - Appellate Court Case Information          http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist...

# CALIFORNIA APPELLATE COURTS
### Case Information



| Supreme Court | **Supreme Court** | | Change court  |
|---|---|---|---|

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

Court data last updated: 10/23/2007 03:53 PM

**Case Summary**   **Docket**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Lower Court**

## Docket (Register of Actions)

**HILD v. SOUTHERN CALIFORNIA EDISON**
**Case Number S155161**

| Date | Description | Notes |
|---|---|---|
| 08/06/2007 | Petition for review filed | Respondent Joshua Hild Attorney Brian D. Chase |
| 08/07/2007 | Received Court of Appeal record | |
| 08/27/2007 | Answer to petition for review filed | Southern California Edison Company, Appellant Attorney Marc J. Poster |
| 09/07/2007 | Reply to answer to petition filed | Joshua Hild, Respondent Attorney Brian D. Chase |
| 09/21/2007 | Time extended to grant or deny review | to and including November 2, 2007, or the date upon which review is either granted or denied. |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California