**BISNAR | CHASE**
ONE NEWPORT PLACE
1301 DOVE ST., SUITE 120
NEWPORT BEACH, CA 92660
PHONE: (949) 752-2999
FACSIMILE: (949) 752-2777
JOHN P BISNAR, State Bar No 80894
BRIAN D CHASE, State Bar No 164109

Attorneys for Plaintiff JOSHUA HILD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HILD,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA SUPREME COURT,<br><br>    Defendants. | CASE NO. 3:07-CV-05107 THE<br><br>**FIRST-AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br>[F.R.C.P. Rule 15(a)] |

**COMES NOW,** Plaintiff JOSHUA HILD, and hereby complains of the Defendant as follows.

## PARTIES

1. At all times relevant herein, Plaintiff JOSHUA HILD, was and is a citizen and resident of the County of Fresno, State of California.

2. At all times herein mentioned, Defendant CALIFORNIA SUPREME COURT was and is the superior appellate judicial branch of the government of the State of California duly created and existing pursuant to Article VI of the California Constitution.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331, in that the Plaintiff's claims herein of denial of due process and equal protection arise under the 14th Amendment of the U.S. Constitution, and this Court has

PLAINTIFF'S FIRST-AMENDED COMPLAINT FOR DECL. JUDGMENT

BISNAR | CHASE

jurisdiction to adjudicate the general constitutionality of California Rules of Court ("C.R.C.") Rule 8.1115(a), pursuant to the doctrine enunciated in *Dist. Ct. of Appeals v. Feldman* 460 U.S. 462, 482-483, 103 S.Ct. 1303, 1315-1316, 75 L.Ed.2d 206 (1983).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that Defendant CALIFORNIA SUPREME COURT has its principal place of official business in the City and County of San Francisco, State of California.

## SUMMARY OF ACTION

5. The gravamen of this action lies solely with the general unconstitutionality of California Rules of Court Rule 8.1115(a) as written, which prohibits (save for exceptions inapplicable to the issues herein) the citation of, or reliance for any purpose upon, unpublished opinions issued by California's Appellate Courts, which denies (and in the referenced case below denied) California resident/litigants due process and equal protection under the law, by depriving them of the same rights of judicial review by the California Supreme Court under Rule 8.500(b)(1) available to litigants whose cases have been decided by published opinions, and further creates a system of selective prospectivity deemed unconstitutional by the U.S. Supreme Court in *James S. Beam Distilling Co. v. Georgia* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481, as actually occurred as a result in Plaintiff's case below. Plaintiff brings this action solely to declare C.R.C. Rule 8.1115(a) unconstitutional as written, but specifically does not seek review by this court of the underlying unpublished decision itself, the facts of which are set forth herein for context purposes and to establish Plaintiff's standing to bring the underlying constitutional challenge to Rule 8.1115(a). Plaintiff herein also does not attack, by way of this action, any criteria by which a California Court of Appeals may decide what decisions should or should not be published, as set forth in C.R.C. Rule 8.1105. Rather, Plaintiff's sole assertion is that regardless of whether an opinion is deemed published or unpublished, citation thereto may not constitutionally be proscribed by Rule 8.1115(a). Plaintiff herein also seek no other legal or equitable affirmative relief of any kind, including damages and/or injunctive relief.

///

## PERTINENT FACTUAL BACKGROUND

6. On March 22, 2003, Plaintiff JOSHUA HILD, then a minor and a resident of the small Southern California Edison ("SCE") company town of Big Creek located 90 miles northeast of Fresno, California, was seriously injured by Katherine Magdaleno, while she was on duty as an employee of the Southern California Edison Company ("SCE"), when a paint ball gun being held by Ms. Magdaleno accidentally discharged, permanently blinding Plaintiff in his right eye.

7. On April 28, 2003, acting by and through his guardian ad litem, Plaintiff filed a civil action for personal injuries against SCE in the Los Angeles Superior Court, Case No. BC294734 ("Underlying Civil Action").

8. During pretrial discovery in the Underlying Civil Action, it was discovered that immediately following the accident, Ms. Magdaleno's immediate supervisor at SCE, Andrew McMillan, had admittedly spoliated, contrary to SCE document retention policies, a handwritten statement contemporaneously prepared by Ms. Magdaleno at Mr. McMillan's direction, reciting the facts of the accident. Ms. McMillan replaced the handwritten statement with a self serving typewritten account which admittedly embellished the incident by adding legal terms of art intended to defend against prospective SCE tort liability, euphemizing the accident as "horseplay," words Mr. McMillan admitted never appeared in the original account, the contents of which will never truly be known.

9. SCE thereafter further willfully concealed and suppressed in sworn discovery responses the fact of the one-time existence and subsequent destruction of that original, fresh, contemporaneously-prepared handwritten evidence, leading to a motion by Plaintiff for issue, evidence and terminating sanctions, based upon that spoliation, brought pursuant to the California doctrine of *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1. The motion was granted by the trial court in part, and the trial court ultimately approved the giving of CACI 204 (willful suppression of evidence) at the trial of the action.

10. The case was tried to a Los Angeles County Superior Court jury on April 22, 2005, solely on the issue of whether Ms. Magdaleno had been acting within the scope of her

1 employment at the time of the accident, and on Plaintiff's damages (as SCE stipulated that Magdaleno had been negligent and had been acting within the course of her employment at the time of the accident).

11. Based upon the substantial evidence presented at trial, the jury found, as an issue of fact, that Ms. Magdaleno had been acting within the scope of her employment, rendering SCE liable for her conduct, and awarded Plaintiff damages in the sum of $704,633. Judgement for Plaintiff in said sum was subsequently entered for Plaintiff and against SCE on May 24, 2005.

12. On August 23, 2005, SCE appealed the judgment to the California Court of Appeal, for the Second Appellate District, seeking to overturn the jury's verdict (and judgment based thereon) finding, as a question of fact, that Ms. Magdaleno had been acting within the scope of her employment at the time of the accident.

13. During oral argument before on May 21, 2007 before the three-judge panel of Division Two of the Court of Appeal, after extensive briefing, the panel posed no questions to Plaintiff's counsel.

14. On June 25, 2007, the Court of Appeal issued an unpublished opinion, rejecting the jury's (and the trial court's) evaluation of the evidence and the jury's determination of the issues of fact. The Court held that, *as a matter of law*, SCE could not be liable for the damages resulting from the injury Plaintiff suffered as a result of that accident. (A copy of that unpublished Opinion is attached hereto as Exhibit "1".) The Court of Appeal subsequently modified its Opinion on July 24, 2007 at SCE's request specifically to enable SCE to recover its costs below against Plaintiff, which are expected to exceed tens of thousands of dollars.

15. On August 6, 2007, Plaintiff filed a timely Petition for Review of the unpublished June 25, 2007 Court of Appeal opinion with the California Supreme Court. (A copy of that Petition is attached hereto as Exhibit "2." The Petition had been filed by mailing on the previous Friday, August 3, 2007 pursuant to C.R.C. Rule 8.25(b)(3) and was received by the Clerk and file-stamped on Monday, August 6, 2007) Therein, Plaintiff asserted that one

of the grounds for review by the Supreme Court was the issue of the deliberate use of a nonpublished opinion by the Court of Appeal to insulate that decision from review under the limited grounds therefor enunciated under C.R.C. Rule. 8.500(b), i.e., that by deeming its decision "unpublished," given the operation of C.R.C. Rule 8.1115(a) prohibiting the unpublished decision from having any stare decisis value, the unpublished opinion, a fortiori, could not and would not qualify for review under the grounds set forth by Rule 8.500(b), because it could not be cited so as to create a lack of uniformity of decision among the Appellate Districts, and/or settle an important question of law.

16. On the afternoon after the Petition had already been sent for filing, Plaintiff learned that the Supreme Court had recently significantly amended C.R.C. Rule 8.1105 (governing the criteria for publication of intermediate appellate opinions) as of April 1, 2007, changing the presumption against publication to one favoring publication, and setting new forth criteria for publication. This rule modification had been the product a November, 2006 Report and Recommendations made by Defendant SUPREME COURT OF CALIFORNIA's Advisory Committee on Rules for Publication of Court of Appeal Opinions. (A copy of that Report is attached hereto as Exhibit "3.")

17. Under the new criteria for publication enunciated by recently modified Rule 8.1105(c), of which Division Two of the Second Appellate District was aware as of June 25, 2007 (as Justice Katheryn Doi Todd serving on Division Two of the Second Appellate District had herself personally served on the SUPREME COURT's Advisory Committee on Rules for Publication of Court of Appeal Opinions whose recommendations resulted in the Rule's change), the unpublished opinion in the Underlying Civil Action should have been published because the unpublished opinion met at least seven of the eight enumerated criteria for publication under new Rule 8.1105(c)(1-8), in the following particulars:

    A. The Court of Appeal admittedly violated the very standard of review it cited as the proper standard enunciated in *Perez v. Van Groningen, etc.* (1986) 41 Cal.3d 962, admitting factual issues existed precluding adjudication of scope of employment as a question of law --- yet then did impermissibly so anyway, contrary

to *Perez, supra*;

B. The Court of Appeal repudiated the jury's actual fact-finding in Mr. Hild's favor, disregarded substantial evidence the jury relied upon supporting the verdict, and instead selectively chose and reweighed the evidence in SCE's favor in order to reverse the judgment for Mr. Hild, contrary to law prohibiting California Courts of Appeal from "substitut[ing] [their] own inferences or deductions" for those of the jury. *People v. Barnes* (1986) 42 Cal.3d 284, 303; *People v. Thornton* (1974) 11 Cal.3d 738, 754; *In re Estate of Beard* (1999) 71 Cal.App.4th 753, 779.

C. The Court of Appeal totally repudiated Defendant CALIFORNIA SUPREME COURT's seminal ruling in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 12, authorizing trial courts to adapt and impose jury instructions on willful suppression of evidence to remedy parties' acts of spoliation of important evidence prejudicial to their opponents (as merely one alternative to recognizing an independent tort cause of action for intentional spoliation of evidence).

D. The Court of Appeal disregarded inferences the jury obviously properly drew against SCE under CACI 204 following SCE's spoliation of the very first handwritten and most critical handwritten account of the incident personally drafted by Ms. Magdaleno, SCE's coverup of that fact in false discovery responses, and the repeated impeachment of Mr. McMillan at trial on the issue. In superimposing its personal belief in SCE's witnesses' credibility over these conflicting adverse inferences arising from the spoliation, Defendant CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT repudiated the primary remedy Defendant CALIFORNIA SUPREME COURT expressly intended be available to Plaintiff in lieu of a cause of action for intentional spoliation of evidence in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1.

E. By totally disregarding all conflicting factual evidence and inferences adverse to SCE subscribed to by the jury, and instead reversing the jury's determination based on its own selection of other evidence favorable to SCE, The Court of Appeal

usurped the jury's function and nullified altogether the jury's factfinding on these disputed factual questions, violating Plaintiff's constitutionally-guaranteed right to a jury trial on these factual issues. Cal.Const. Art. I, § 16; U.S. Const. 7th Am.; C.C.P. § 592; Evid.C. § 312; *Cavinin v. Pac. Southwest Airlines* (1983) 148 Cal.App.3d 512, 531; *Olivia N. v. NBC* (1977) 74 Cal.App.3d 383, 389.

F.  The Court of Appeal's "unpublished" opinion also dramatically broke new ground holding that, regardless of the admittedly conflicting evidence, the factually disputed admittedly unintentional accident was indistinguishable as a matter of law from rape/sexual battery-intentional tort cases in that no amount of disputed facts will bring ever the case within an employer's scope of employment, *citing Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 219.

G.  The Court of Appeal asserted that the scores of well-settled cases cited by Plaintiff holding the issue of scope of employment to be a question of fact in a myriad of factually comparable employer-employee accident cases, quipping "[a]ll of the cases are distinguishable." However, The Court of Appeal thereafter only addressed a single case cited by Plaintiff, and conspicuously offered no explanation whatsoever as to how or why the scores of other cases cited by Plaintiff which plainly conflicted with its decision, were or are "distinguishable."

H.  In never stating, nor apprising Plaintiff of, the revolutionary and controversial new legal grounds replied upon by the Court of Appeal for its unpublished June 25, 2007 Opinion until issuing that Opinion for the very first time, the Court of Appeal further denied Plaintiff any opportunity to address in writing and/or orally, the new and revolutionary grounds it intended to apply, and did so apply in issuing said opinion, and thus denied Plaintiff his due process rights.

18.  On the same August 3, 2006 date the Petition was filed, after making this aforementioned discovery, Plaintiff's counsel wrote to the Supreme Court and brought these facts to the Supreme Court's attention, which facts would have been included in the Petition's argument had Plaintiff's counsel been aware of the recent rule change. (A copy of that letter

is attached hereto as Exhibit "4.")  In that letter, Plaintiff's counsel pointed out the following:

"Under this Court's directives placed in the new, April 1, 2007 version of Rule 8.1105(c), the Second District Court of Appeal clearly ***should have published*** the June 25, 2007 Opinion (rendered almost three (3) full months after the new rule went into effect), under all of the guidelines of the Rule.

"Therefore, the unanswered question is why the justices of Division Two of the Second Appellate District which issued the June 25, 2007 Opinion apparently purposefully declined to follow this court's specific directive of the April 1, 2007 Rule regarding publication of the June 25, 2007 Opinion at issue.

"Petitioner respectfully submits, in light of the directives enunciated in new Rule 8.1105(c), which had been binding law for almost three (3) full months by the time of the June 25, 2007 Opinion at issue, the Court of Appeal's refusal to publish that Opinions even more strongly support the inferences raised in Petitioner's Petition of intent to insulate that single-case, result-oriented Opinion (applying new standards of constitutional, statutory, and common law) from any possible review by this Court (for lack of qualification for review under Rule 8.500(b)(1,3)), and/or criticism by other appellate panels (as a result of non-citation Rule 8.1115(a)).

"Since the new Rule made the Opinion's publication highly advisory, yet the Court of Appeal refused to follow those new publication guidelines left intact, yet insulated from review or accountability, a highly controversial and revolutionary "one-time-only" application of standing legal principles differently (and more harshly) to Petitioner than to all other litigants, its actions plainly constitute an impermissible form of "selective prospectivity," in violation of Petitioner's constitutional due process and equal protection rights under the Supreme Court's well settled ruling in *James B. Beam Distilling Co. v. Georgia* (1991) 501 U.S. 529, 534-538, 111 S. Ct. 2439, 115 L.Ed.2d 481."
(Exhibit "4" hereto)

19. On August 27, 2007, Defendant SCE filed its answer to Plaintiff's Petition for Review. (A true and correct copy of that Answer is attached as Exhibit "5.") Therein, SCE contesting Plaintiff's entitlement to review principally on the very same argument made by Plaintiff in its Petition and letter of August 3, 2007, i.e., that because the opinion was "unpublished" it therefore did not meet the review criteria of C.R.C. Rule 8.500(b)(1), i.e., failed to invoke any need "to secure uniformity of decision or settle an important question of law." (Exhibit "5" at page 2).

20. On October 24, 2007, the Supreme Court summarily denied the Petition. (A true and correct copy of that order of summary denial is attached as Exhibit "6.") Plaintiff is presently preparing a writ of certiorari to the United States Supreme Court as Plaintiff's sole avenue of review of the Court of Appeal's June 25, 2007 unpublished opinion, pursuant to the guidance enunciated in *Feldman, supra.*

21. Plaintiff alleges that his right to review by the CALIFORNIA SUPREME COURT of the underlying unpublished June 25, 2007 under C.R.C. Rule 8.500(b)(1), was curtailed by direct causal operation of the non-citation rule of C.R.C. Rule 8.1115(a), which prevented Plaintiff from qualifying for such review under the express prerequisite criteria therefor set forth in C.R.C. Rule 8.500(b)(1).

22. Based upon the foregoing, Plaintiff is informed and believes and thereon alleges, that the non-citation rule of C.R.C. Rule 8.1115(a) operates to deprive individuals (including Plaintiff hereinbelow) of their constitutionally-protected rights to due process and equal protection, to wit:

A. Depriving them of the same rights as litigants whose cases were and are resolved on review in published decisions, by depriving them of the ability to qualify for review by the California Supreme Court under C.R.C. Rule 8.500(b)(1), and which did in fact cause Plaintiff's rights to be so deprived hereinbelow.

B. Exposing them to the unconstitutional doctrine of "selective prospectivity," by facilitating the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases dramatically departing from well-settled principles of stare decisis, including

Plaintiff's case hereinbelow, which can neither be reversed nor even reviewed under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, and Plaintiff in this case, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, including Plaintiff herein, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, including Plaintiff, than they are applied to all other similarly-situated litigants.

### FIRST COUNT - DECLARATORY JUDGMENT - 28 U.S.C. § 2201

(Against Defendant CALIFORNIA SUPREME COURT - to Declare the non-citation rule of C.R.C. Rule 8.1115(a) Unconstitutional)

23.  Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1 through 22, above, as though fully set forth herein.

24.  Pursuant to California Constitution, Art. VI, Defendant CALIFORNIA SUPREME COURT is charged with authority over establishing publication criteria of the appellate courts of the state, and supervisory power over its lower courts, including the California Courts of Appeal, and is therefore the exclusively constitutionally-ordained branch of California Government constitutionally charged with, and having exclusive power over, with the enactment, modification, and/or repeal of C.R.C. Rule 8.1115(a), and is therefore the proper party-defendant and with standing to respond to and answer Plaintiff's Second Count herein alleging the unconstitutionality of said Rule 8.1115(a).

25.  Plaintiff alleges that non-citation rule of C.R.C. Rule 8.1115(a) is violative of the 14th Amendment of the U.S. Constitution, in that he has standing to bring this action because such rule violated Plaintiff's rights to due process and equal protection of the laws in the underlying case below, for the following reasons:

A.  The mandatory non-citation rule of C.R.C. Rule 8.1115(a), enables and fosters

a system of unconstitutional "selective prospectivity" among the Courts of Appeal, because it facilitates the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases, and has in fact done so in Plaintiff's individual case, which can neither be reversed nor even reviewed under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, and Plaintiff in this case, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, including Plaintiff herein, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, including Plaintiff, than they are applied to all other similarly-situated litigants.

      B.      The mandatory non-citation rule of C.R.C. Rule 8.1115(a) axiomatically deprives litigants in civil cases resulting in unpublished Opinions of their right to judicial review under C.R.C. Rule 8.500(b) (for other than procedural reasons) as a result of the operation of C.R.C. Rule 8.1115(a), because such litigants cannot meet the review criteria under Rule 8.500(b) once an Opinion is unpublished, and Defendant SUPREME COURT OF CALIFORNIA, as a matter of both policy and empirical fact, does not grant and has not granted review of such unpublished decisions in civil cases not presenting an issue already before the Defendant SUPREME COURT OF CALIFORNIA arising from a previously published Opinion.

      C.      Plaintiff is informed and believes that California is one of the few jurisdictions in the United States currently, which still imposes a non-citation rule as to unpublished opinions banning any and all reference to unpublished authorities, as even the Federal Courts have adopted Federal Rules of Appellate Procedure, Rule 32.1, which prohibits the formulation or adoption of rules such as C.R.C. Rule 8.1115(a), which restrict any citation and/or reliance upon, unpublished and/or uncertified opinions.

      D.      In a November, 2006 Report and Recommendations of Defendant SUPREME

COURT OF CALIFORNIA's Advisory Committee on Rules for Publication of Court of Appeal Opinions, found that California's Appellate Courts frequently based their decisions *not* to publish opinions on many factors unrelated and irrelevant to the merits of the issues including, but not limited to, insufficient time to prepare a published opinion, potential embarrassment of judges or attorneys, yet 72 percent of the appellate justices surveyed were against permitting litigants to draw Defendant CALIFORNIA SUPREME COURT's Court's attention to unpublished opinions within the appellate district that arguably conflicted with the decisions in their cases, whereas 67 percent of attorneys surveyed asserted that such attention of the Defendant CALIFORNIA SUPREME COURT should be so drawn, further supporting Plaintiff's contentions that the non-citation rule C.R.C. Rule 8.1105 has been employed to create and facilitate a system of unconstitutional "selective prospectivity" among the Courts of Appeal for the reasons and as alleged hereinabove.

  E. Based upon statistics published by Defendant CALIFORNIA SUPREME COURT and information public available from its website, Plaintiff further is informed and believe and alleges as follows:

  1. During the period from 2001 through 2005, 82 percent of appeals in which review was granted and resulted in an opinion by the CALIFORNIA SUPREME COURT, arose from published appellate decisions.

  2. From 2001 through 2005, of the 92 percent of cases from which review was sought from unpublished decisions, only 1 tenth of 1 percent resulted in an opinion from the CALIFORNIA SUPREME COURT.

  3. Defendant CALIFORNIA SUPREME COURT has a de facto policy of refusing review of unpublished decisions in civil cases, except in rare cases whether that unpublished decision has implicated an issue already before the CALIFORNIA SUPREME COURT from a published opinion of a Court of Appeal as to which the CALIFORNIA SUPREME COURT has already previously granted review, such that litigants whose appellate decisions would otherwise qualify for review by the Supreme Court under Rule 8.500(b)(1) when the underlying appellate decision is published, are deprived of and denied the right to

12

**PLAINTIFF'S FIRST-AMENDED COMPLAINT FOR DECL. JUDGMENT**

any such review as a sole, direct, and legal result of the noncitation rule of C.R.C. 8.1115(a) once the appellate court elects to deem the opinion in such case "unpublished."

4. The operation of Rule 8.1115(a) invites and encourages Courts of Appeal to engage in "selective prospectivity," by facilitating the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases dramatically departing from well-settled principles of stare decisis, including Plaintiff's case hereinbelow, which can neither be reversed nor even qualify for review under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, and Plaintiff in this case, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, including Plaintiff herein, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, including Plaintiff, than they are applied to all other similarly-situated litigants.

26. There is presently a dispute and controversy as between the parties wherein Plaintiff contends that C.R.C. Rule 8.1115(a) prohibiting the citation or use of unpublished opinions is violative of the Plaintiff's due process and equal protection rights guaranteed by the 14th Amendment of the United States Constitution, and further facilitates an unconstitutional system of "selective prospectivity," whereas Defendant asserts that said Rule is not unconstitutional, and accordingly, a declaration from this Court as to the constitutionality of C.R.C. Rule 8.1115(a) is necessary and proper so as to ascertain the rights and obligations of the parties.

27. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment that C.R.C. Rule 8.1115(a) was and is unconstitutionally violative of California residents'/litigants' federally constitutionally-guaranteed due process and equal protection rights under the 14th Amendment.

///

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For a declaration and judgment by this Court pursuant to 28 U.S.C. § 2201, that C.R.C. Rule 8.1115(a) is void as unconstitutionally violative of California residents'/litigants' (including Plaintiff's) due process and equal protection rights constitutionally-guaranteed by the 14th Amendment of the United States Constitution;

2. For costs of suit herein; and

3. For such other and further relief as this Court may deem proper and/or just.

///

DATED: November 16, 2007

BISNAR | CHASE

By: _____
BRIAN D. CHASE
Attorneys for Plaintiff

## PROOF OF SERVICE

*Joshua Hild vs. California Supreme Court, et al.*
**CASE NO. C-07-05107-TEH**

I am employed in the county of Orange, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove Street, Suite 120, Newport Beach, California.

On November 20, 2007, I served the foregoing **FIRST-AMENDED COMPLAINT FOR DECLARATORY RELIEF** on all interested parties in this action:

( )  **BY MAIL,** by placing a true copy thereof, in an sealed envelope to the addressee(s) ON THE ATTACHED SERVICE LIST, and depositing the same into the United States mail at the address located set forth hereinabove, with sufficient first-class postage thereon pre-paid:

(X) **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY GUARANTEED** by placing a true copy thereof, in an sealed envelope to the addressee(s) ON THE ATTACHED SERVICE LIST, and depositing the same into the **OVERNITE EXPRESS** mail drop at the address located set forth hereinabove, with postage pre-paid.

( )  **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed ON THE ATTACHED SERVICE LIST:

( )  **BY PERSONAL SERVICE**, by personally delivering the same to the addressee(s) listed ON THE ATTACHED SERVICE LIST:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 20, 2007, at Newport Beach, California.

_____
Angie Oremus

BISNAR | CHASE

| COUNSEL | PARTY(S) |
|---|---|
| Tom Blake, Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Tel:	(415) 703-5506<br>Fax:	(415) 703-5480 | Attorneys for Defendants<br>CALIFORNIA SUPREME COURT and<br>CALIFORNIA COURT OF APPEAL,<br>SECOND APPELLATE DISTRICT |

BISNAR | CHASE