# BISNAR|CHASE

August 9, 2007

**VIA OVERNIGHT EXPRESS - NEXT BUSINESS DAY DELIVERY**

Clerk of the Court
California Supreme Court
300 South Spring Street, Suite 2
Los Angeles, CA 90013

      Re:    *Hild v. Southern California Edison* - **Supreme Court Case No. S155161**
              New Authorities regarding Pending Petition for Review filed Aug 3, 2007
              by C.R.C. Rule 8.25(b)(3): Request for Judicial Notice

**To the Honorable Chief Justice and Associate Justices of the Supreme Court:**

On August 3, 2007, Petitioner/Plaintiff Joshua Hild filed, pursuant to Cal. Rules of Court ("C.R.C.") Rule 8.25(b)(3), a Petition for Review with the Court under C.R.C. Rule 8.500.

At the time of the filing, Plaintiff's counsel herein were not aware that C.R.C. Rule 8.1105(c) governing the standards for certification of published opinions has just been substantially changed effective April 1, 2007. Plaintiff's counsel discovered the change for the first time on August 6, 2007, upon receipt of West's July, 2007 update for the Rules of Court. Upon review of the new version of Rule 8.1105, Plaintiff's counsel further discovered, located and reviewed the November, 2006 Report and Recommendations of this Court's Advisory Committee on Rules for Publication of Court of Appeal Opinions, which was the primary impetus for the new version of Rule 8.1105 finally implemented on April 1, 2007.

Critical to the first issue for review argued by Mr. Hild, a minor, is that newly-amended Rule's creation of a presumption of publication -- a reversal of the former Rule. Based on this belated discovery, Plaintiff respectfully requests this Court's gracious indulgence in permitting him to supplement his Petition with the following discussion.

For the reasons set forth in Plaintiff's Petition for Review, the new version of Rule 8.1105 and the 2006 Report and Recommendations upon which the modified rules was based, are obviously highly material and germane to the issues raised in the Plaintiff's Petition for Review.

*Judicial Notice of the new version of C.R.C. Rule 8.1105 and the 2006 Report and Recommendations therefore is respectfully requested pursuant to Cal. Evid.C. § 452 in connection with the pending Petition for Review.* Had Plaintiff been made aware of these authorities prior to the August 3, 2007 deadline for filing his Petition for Review, he would have incorporated them into the Petition for the following reasons.

Under new Rule 8.1105(c), a Court of Appeal now "should" publish an Opinion under both the former criteria of Rule 8.1105(c), as well as based on and additional new criteria *including "(4) Advances a new interpretation, clarification, criticism, or construction of a provision of a constitution, statute, ordinance, or court rule."* Moreover, the Court of Appeal may now not consider workload, potential embarrassment of litigants, counsel or judges should not be considered in deciding whether to certify for publication. Rule 8.1105(d).

For the obvious reasons reflected on the face of the June 25, 2007 unpublished Opinion of the Second District Court of Appeal at issue, both the former publication criteria as well as the new publication criteria clearly were met by that Opinion.

It is inconceivable that none of three justices of Division Two of the Second Appellate District who authored the unpublished Opinion at issue could have been aware of the new April 1, 2007 version of Rule 8.1105(c), and its directives enunciated by this Court, particularly since the Honorable Kathryn Doi Todd, Associate Justice of the very same Division Two of the Second Appellate District Court of Appeal which issued the Opinion, *was one of the principal members of this Court's Advisory Committee whose 2006 Report and Findings formed the basis for the new April 1, 2007 Rule.*

Under this Court's directives placed in the new, April 1, 2007 version of Rule 8.1105(c), the Second District Court of Appeal clearly **_should have published_** the June 25, 2007 Opinion (rendered almost three (3) full months after the new rule went into effect), under all of the guidelines of the Rule.

Therefore, the unanswered question is why the justices of Division Two of the Second Appellate District which issued the June 25, 2007 Opinion apparently purposefully declined to follow this court's specific directive of the April 1, 2007 Rule regarding publication of the June 25, 2007 Opinion at issue.

Plaintiff respectfully submits, in light of the directives enunciated in new Rule 8.1105(c), which had been binding law for almost three (3) full months by the time of the June 25, 2007 Opinion at issue, the Court of Appeal's refusal to publish that Opinions even more strongly support the inferences raised in Plaintiff's Petition of intent to insulate that single-case, result-oriented Opinion (applying new standards of constitutional, statutory, and common law) from any possible review by this Court (for lack of qualification for review under Rule 8.500(b)(1,3)), and/or criticism by other appellate panels (as a result of non-citation Rule 8.1115).

Since the new Rule made the Opinion's publication highly advisory, yet the Court of Appeal refused to follow those new publication guidelines left intact, yet insulated from review or accountability, a highly controversial and revolutionary "one-time-only" application of standing legal principles differently (and more harshly) to Plaintiff than to all other litigants, its actions plainly constitute an impermissible form of "selective prospectivity," in violation of Plaintiff's constitutional due process and equal protection rights under the Supreme Court's well settled ruling in *James B. Beam Distilling Co. v. Georgia* (1991) 501 U.S. 529, 534-538, 111 S. Ct. 2439, 115 L.Ed.2d 481.

Petitioner/Plaintiff submits that these recent and timely developments surrounding the presumption of publication under the new Rule, apparently ignored by the Court of Appeal, and raising the issue of infringement of Plaintiff's constitutional rights, have served to heighten the importance of now settling the important issue of law raised by Plaintiff's Petition and ensuring intermediary appellate compliance with the directives enunciated by this Court in newly-modified Rule 8.1115(c) mandated by law (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), in turn warranting review under Rule 8.500(b)(1).

Sincerely,

BISNAR | CHASE

Brian D. Chase, Esq.

cc:    All Counsel
       Clerk, Second App. Dist. Court of Appeal
       The. Hon. Mel Recana, Los Angeles County Superior Court Judge
       [See accompanying Proof of Service]

## PROOF OF SERVICE BY OVERNIGHT EXPRESS

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am a resident of and employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove St., Suite 120, Newport Beach, California.

On August 9, 2007 I served the foregoing **PLAINTIFF'S SUPPLEMENTAL LETTER TO THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT FOLLOWING PETITION FOR REVIEW** on the interested parties in this action by causing to be delivered a true and correct copy thereof to the following parties, by overnight express, next business day delivery guaranteed.

Donald Zell, Esq., Robert E. Suttle, Esq.
Law Offices of Donald Zell
837 N. Ross St., 2nd Floor, Santa Ana, CA 92701

Michael Gonzales, Esq., Donald A. Redd, Esq.
Southern California Edison Co.
2244 Walnut Grove Avenue, Suite 331 Rosemead, CA 91770

Robin Meadow, Esq., Tillman J. Breckenridge, Esq.
**GREINES, MARTIN, STEIN & RICHLAND, LLP**
5700 Wilshire Blvd., Suite 375, Los Angeles, CA 90036-3697
[all attorneys for Southern California Edison]

Clerk, Los Angeles County Superior Court
(for transmission to Judge Recana)
111 N. Hill St., Los Angeles, CA 90012-3014

Clerk, Court of Appeals for the State of California
Second Appellate District, Division Two
300 S. Spring St., Floor 2, Los Angeles, CA 90013-1213

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 9, 2007

_____
ANGIE OREMUS