1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   PAUL T. HAMMERNESS
    Supervising Deputy Attorney General
3   TOM BLAKE
    Deputy Attorney General
4   State Bar No. 51885
       455 Golden Gate Avenue, Suite 11000
5      San Francisco, CA 94102-3664
       Telephone: (415) 703-5506
6   Fax: (415) 703-5480
       Email: tom.blake@doj.ca.gov
7   Attorneys for California Supreme Court

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOSHUA HILD,** | C 075107 TEH |
| Plaintiff, | **NOTICE OF HEARING; MOTION TO DISMISS FIRST AMENDED COMPLAINT [Rule 12(b), F.R.C.P.]; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,** | Date: January 14, 2008<br>Time: 10:00 a.m.<br>Ctrm: 12 – 19th Floor<br>Judge: Hon. Thelton E. Henderson |
| Defendants. | |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

INTRODUCTION .......................................... 1

ARGUMENT .......................................... 1

I. STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b),
   FEDERAL RULES OF CIVIL PROCEDURE.

II. THE PLAINTIFF LACKS STANDING .......................................... 2

III. UNDER THE *ROOKER-FELDMAN* DOCTRINE, THE DISTRICT COURT
    LACKS JURISDICTION TO REVIEW STATE APPELLATE DECISIONS. .......................................... 5

IV. UNDER THE *YOUNGER* DOCTRINE, THE DISTRICT COURT
    SHOULD ABSTAIN. .......................................... 8

    A.  All Conditions for *Younger* Abstention Are Met. .......................................... 8

    B.  There Is No Right to a Second Level of Appellate Review by the
        Supreme Court. .......................................... 9

V. THE ELEVENTH AMENDMENT BARS THIS SUIT AGAINST
   THE STATE COURTS. .......................................... 10

    A.  The Eleventh Amendment Precludes Federal Court Jurisdiction in
        This Suit Against State Courts. .......................................... 10

    B.  The Eleventh Amendment Also Precludes Federal Court Jurisdiction
        as to Plaintiff's Claims for Costs or Money Damages Against State Courts. .......................................... 11

VI. THE ANTI-INJUNCTION ACT PRECLUDES THE RELIEF SOUGHT
    BY PLAINTIFF. .......................................... 12

VII. TITLE 8, DIVISION 5 OF THE CALIFORNIA RULES OF
     COURT IS NOT CONSTITUTIONALLY INFIRM. .......................................... 12

    A.  California State Appellate Courts Have Found the State's Publication
        Rules Constitutional. .......................................... 12

    B.  Federal Appellate Courts Have Found the State's Publication Rules
        Constitutional. .......................................... 14

    C.  The Federal Selective Prospectivity Doctrine Does Not Invalidate Title 8,
        Division 5 of the California Rules of Court. .......................................... 14

CONCLUSION .......................................... 15

**TABLE OF AUTHORITIES**

Page

**Cases**

*Allah v. Superior Court of the State of California*
871 F.2d 887 (9th Cir. 1989)
6

*American Civil Liberties Union of Nevada v. Lomax*
471 F.3D 1010 (9th Cir., 2006)
4

*Atlantic Richfield Co. v. U.S. Dept. of Energy*
977 F.2d 611 (Em.App., 1992)
15

*Barry v. Blower*
864 F.2d 294 (3rd Cir. 1988)
6

*Branson v. Nott*
62 F.3d 287 (9th Cir. 1995)
7

*Cole v. Oroville Union High School Dist.*
228 F.3d 1092 (9th Cir., 2000)
4

*District of Columbia Court of Appeals v. Feldman*
460 U.S. 462 (1983)
6

*Dowden v. City of Sacramento*
40 F.Supp.2d 1146 (E.D.Cal. 1999)
9

*Durning v. Citibank, N.A.*
 950 F.2d 1419 (9th Cir. 1991)
10

*Eggar v. Livingston*
40 F.3d 312 (9th Cir.1994)
4

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.
544 U.S. 280, 125 S.C. 1517, 161 LED.2d 454 (2005)
7

*Franceschi v. Schwartz*
57 F.3d 828 (9th Cir.1995)
10

*Gray v. First Winthrop Corp.*
989 F.2d 1564 (9th Cir. 1993)
14, 15

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*
812 F.2d 1103 (9th Cir. 1987)
10, 11

*H.C. v. Koppel*
203 F.3d 610 (9th Cir. 2000)
8

*Hart v. Massanari*
266 F.3d 1155 (9th Cir. 2001)
14

**TABLE OF AUTHORITIES  (continued)**

Page

*Helvering v. Hallock*
(1940) 309 U.S. 106                                                        13

*In re Williams*
69 Cal.App.3d 840 (1977)                                      13

*James B. Beam Distilling Co. v. Georgia*
501 U.S. 529 (1991)                                               14

*Leone v. Medical Board*
(2000) 22 Cal.4th 660
                                                                            9

*Lindsey v. Normet*
(1972) 405 U.S. 56                                                9

*Louis v. Supreme Ct. of Nevada*
490 F.Supp. 1174 (D.Nev. 1980):                       6

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)                                               4

*Maguire v. City of American Canyon*
2007 WL 1875974, p. 5 (N.D.Cal. 2007)            2

*Middlesex County Ethics Committee v. Garden State Bar Assn.*
457 U.S. 423 (1982)                                               8, 9

*Nelsen v. King County*
895 F.2d 1248 (9th Cir.1990)                               4

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*
506 U.S. 139 (1993)                                             10

*Pareto v. F.D.I.C.*
139 F.3d 696 (9th Cir. 1998)                                2

*Parrington v. Gedan*
 864 F.2d 464 (9th Cir. 1989)                               8

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984)                                               10

*Penzoil Co. v. Texaco, Inc.*
(1987) 481 U.S. 1                                                   9

*People v. Chi Ko Wong*
 (1976) 18 Cal.3d 698                                           9

*People v. Green*
(1980) 27 Cal.3d 1                                                 9

*People v. Superior Court (Clark)*
 22 Cal.App.4th 1541 (1994)                               13

## TABLE OF AUTHORITIES  (continued)

**Page**

Porter v. United Services Automobile Ass'n
90 Cal.App.4th 837 (2001)                                        9, 10

Preferred Communications, Inc. v. City of Los Angeles
13 F.3d 1327 (9th Cir.1994)                                          4

Rabatos v. Colorado Supreme Court
746 F.2d 1429 (10th Cir 1984)
                                                                     6
Rooker v. Fidelity Trust Co.
 263 U.S. 413, 44 S.C. 149, 68 LED. 362 (1923)                       6

Sacramento & San Joaquin Drainage Dist. v. Superior Court
196 Cal. 414 238 P. 687 (1925)                                      10

Saudi Basic Indus. Corp.
544 U.S. 280 (2005)                                                  7

Schmier v. U.S. Court of Appeals for Ninth Circuit
279 F.3d 817 (9th Cir. 2002)                                  3, 12, 14

Skaff v. Small Claims Court
(1968) 68 Cal.2d 76                                                  9

Steckman v. Hart Brewing Co.
143 F.3d 1293 (9th Cir. 1998)                                        2

Transphase Systems, Inc. v. Southern California Edison Co.
839 F. Supp. 711 (C.D. Cal. 1993)                                    2

Will v. Michigan Dept. of State Police
491 U.S. 58 (1967)                                                  11

World Famous Drinking Emporium, Inc. v. City of Tempe
 820 F.2d 1079 (9th  Cir. 1987).                                     8

Worldwide Church of God v. McNair
805 F.2d 888 (9th Cir. 1986)                                         7

Younger v. Harris
 401 U.S. 37 (1971)                                                  8

# TABLE OF AUTHORITIES (continued)

**Page**

**Constitutional Provisions**

United States Constitution
    Eleventh Amendment      10, 11
    Fourteenth Amendment      11

**Statutes**

28 U.S.C.
    § 1257      6
    § 2283      12

Federal Rules of Civil Procedure
    Rule 11      7
    Rule 12(b)      1

**Court Rules**

California Rules of Court
    Rules 976-979      12, 14
    Rule 8.500(b)      5
    Rule 8.1105      1
    Rule 8.1115(a)      2,5
    Rule 8.1115      12

**Other Authorities**

*Report and Recommendations*, November 2006
California Supreme Court Advisory Committee on
Rules for Publication of Court of Appeal Opinions      8

Steven B. Katz, California's Curious Practice of "Pocket Review
3 J. App. Prac. & Process 385 (2001)      14

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TOM BLAKE
   Deputy Attorney General
4  State Bar No. 51885
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA 94102-3664
     Telephone: (415) 703-5506
6    Fax: (415) 703-5480
     Email: tom.blake@doj.ca.gov
7  Attorneys for California Supreme Court

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

|  | |
|---|---|
| **JOSHUA HILD,** | C 075107 TEH |
| Plaintiff, | NOTICE OF HEARING; MOTION TO DISMISS FIRST AMENDED COMPLAINT [Rule 12(b), F.R.C.P.]; POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| **CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,** | Date:             January 14, 2008 |
| Defendants. | Time:            10:00 a.m. |
|  | Courtroom:   12 – 19th Floor |
|  | Judge:          Thelton E. Henderson |

19      **TO: PLAINTIFF JOSHUA HILD AND COUNSEL OF RECORD:**

20      PLEASE TAKE NOTICE that on January 14, 2008, at 10:00 a.m., in courtroom 12 of the

21  United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102,

22  defendant California Supreme Court, will move for an order pursuant to Rule 12(b), Federal Rules

23  of Civil Procedure, dismissing the First Amended Complaint and each of the claims alleged therein

24  against moving defendant on the grounds that the Court is without subject matter jurisdiction; that

25  this Court is without jurisdiction as to the State of California and the courts thereof; and that the First

26  Amended Complaint fails to state a claim upon which relief can be granted against the State of

27  California and its courts.

28      This motion is based on this Notice of Motion, the accompanying papers, all other papers and

Notice of Hearing; Motion to Dismiss First Amended Complaint; P&A's in Support        Case No.  C 075107 TEH

1

1  pleadings on file herein, and on such oral and documentary evidence as may be presented at the

2  hearing, if any.

3                              **MOTION TO DISMISS**

4        Defendant California Supreme Court moves to dismiss the First Amended Complaint on file

5  herein on the specific grounds that the Court is without subject matter jurisdiction, that this court is

6  without jurisdiction as to the State of California and the courts thereof; and that the First Amended

7  Complaint fails to state a claim upon which relief can be granted against the moving defendant.

8        WHEREFORE, moving defendant prays as follows:

9        1.  That the First Amended Complaint on file herein and each claim for relief alleged therein

10  be dismissed as against moving defendant, and

11        2.  That plaintiff be ordered to take nothing from moving defendant, and

12        3.  That judgment be entered in favor of the moving defendant; and

13        4.  For such other relief as the court deems just.

14            Dated:  November 30, 2007

15                                        Respectfully submitted,

16                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

17
                                         PAUL T. HAMMERNESS
18                                       Supervising Deputy Attorney General

19                                       /s/ Tom Blake
                                         TOM BLAKE
20                                       Deputy Attorney General

21                                       Attorneys for California Supreme Court

22

23

24

25

26

27

28

Notice of Hearing; Motion to Dismiss First Amended Complaint; P&A's in Support        Case No.  C 075107 TEH

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The moving defendant is the Supreme Court of California.[1]  The plaintiff is a teenager who won a state court personal injury verdict against a utility company in Orange County, California.

The money judgment was reversed by the California Court of Appeal.  The Court of Appeal did not certify the decision for publication under Rule 8.1105, California Rules of Court.[2]  Plaintiff petitioned the California Supreme Court for review.  The state Supreme Court denied review (First Amended Complaint, hereafter "FAC," page 4: lines 24-25; page 20, line 8) and plaintiff is seeking certiorari in the U.S. Supreme Court (FAC, 20: 9-12).

Plaintiff amended his original complaint while the defendant's motion to dismiss was pending.  To avoid the application of the *Rooker-Feldman* doctrine, plaintiff now purports to challenge only the citation rule, but the factual allegations of the operative complaint dwell on the Court of Appeal's application of the publication rule to his personal injury case and on the Supreme Court's decision not to grant review.  Plaintiff's FAC now disavows his earlier request that the district court overturn the Court of Appeal's decision not to publish.  See, FAC, 2: 8-27; 9: 9-12.  However, to find in favor of plaintiff the district court would have to either hold that both the state Court of Appeal and the California Supreme Court erred in plaintiff's case, or rule on the facial validity of the California Rules of Court in the abstract.

**ARGUMENT**

**I.**

**STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE.**

A motion to dismiss a complaint may be made on the ground of failure to state a claim upon which relief can be granted.  Rule 12(b), Fed. R. Civ. P. 12(b).  On a Rule 12(b)(6) motion, the

---

1. The First Amended Complaint does not mention the Court of Appeal, Second Appellate District.  As the First Amended Complaint supercedes plaintiff's former pleading, the state Court of Appeal is no longer a party to this action.

2. All further references to Rules are to California Rules of Court.  A copy of Title 8, Division 5 [publication of appellate opinions] of the California Rules of Court is Exhibit A.

1   burden of going forward is on the defendant, and the court must accept as true all material allegations

2   in the complaint. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  However, the court need

3   not accept conclusory allegations or unreasonable inferences. *In re Delorean Motor Co.,* 991 F.2d

4   1236, 1240 (9th Cir. 1993); *Transphase Systems, Inc. v. Southern California Edison Co.*, 839 F.

5   Supp. 711, 718 (C.D. Cal. 1993).

6   　　　Although leave to amend is to be liberally granted, where it is clear that amendment cannot

7   cure the deficiencies of the complaint, dismissal without leave to amend is proper. *Steckman v. Hart*

8   *Brewing Co.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

9   **II.**

10   **THE PLAINTIFF LACKS STANDING.**

11   　　　The FAC avers (at page 2, lines 8-9) that, "The gravamen of this action lies solely with the

12   general unconstitutionality of California Rules of Court Rule 8.1115(a) as written . . . " The plaintiff

13   elaborates in the same paragraph, "Plaintiff brings this action solely to declare C.R.C. Rule 8.1115(a)

14   unconstitutional as written, but specifically does not seek review by this court of the underlying

15   unpublished decision itself, the facts of which are set forth herein for context purposes and to

16   establish Plaintiff's standing . . . " FAC, 2: 17-21.   The plaintiff seeks no "legal or equitable relief

17   of any kind, including damages and/or injunctive relief," other than a declaration that the state courts

18   may not proscribe the citation of certain opinions.  FAC, 2: 23-27.

19   　　　But if plaintiff is not seeking redress of some particular injury to him, such as the reversal

20   of a specific court judgment, he lacks standing:

21   　　　　　"Under Article III of the Constitution, a plaintiff must demonstrate
　　　　　the existence of a `case or controversy' in order to have standing to

22   　　　　　assert an action in federal court. (Citations.) To meet this
　　　　　requirement, plaintiffs must show `at an irreducible minimum that

23   　　　　　they personally have suffered some actual or threatened injury as a
　　　　　result of the putatively illegal conduct of the defendant . . . and that

24   　　　　　the injury fairly can be traced to the challenged action and is likely to
　　　　　be redressed by a favorable decision.'" *Maguire v. City of American*

25   　　　　　*Canyon*, 2007 WL 1875974, p. 5 (N.D.Cal. 2007).

26   　　　In the instant matter, plaintiff's only particularized, personal injury is that his money

27   judgment against a utility company was reversed by the state Court of Appeal.  The operative

28   complaint disavows any interest in having the district court reverse that state of affairs, but

1  overthrowing the State Supreme Court's carefully-drawn rules regulating the publication of opinions

2  and shaping the state's decisional law is of no direct, concrete, particularized  benefit to plaintiff

3  unless the Court of Appeal decision against him is reversed.

4      Plaintiff concedes that the California Supreme Court has considered and denied his Petition

5  for Review. FAC, 4: 24-25; 20: 8. He is petitioning the U.S. Supreme Court for certiorari. FAC

6  p. 20, lines 9-12. Although plaintiff contends that his chances of state Supreme Court review was

7  curtailed, and speculates that the California Supreme Court would have been more likely to grant

8  review if the decision below had been published, he does not allege that throwing out the Rules of

9  Court governing citation of cases and creation of precedent would revive his money judgment.

10  Plaintiff does not even directly allege that he would have succeeded in reversing the Court of Appeal

11  decision if the California Supreme Court had granted review.  Failure to show that the relief he seeks

12  would afford him a particularized, personal, and concrete remedy of an injury is fatal.

13      In *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817 (9th Cir. 2002), the

14  plaintiff was an attorney who sued the Ninth Circuit for a declaration that Circuit Rule 36-3 was

15  unconstitutional.  That rule, as then written, essentially provided that neither parties nor courts in the

16  Ninth Circuit may cite to an unpublished disposition as precedent.  The Ninth Circuit held that the

17  *Schmier* plaintiff failed to allege a legally cognizable injury, as required by the standing doctrine,

18  where he did not allege that he personally had suffered sanctions or harm from an inability to rely

19  on an unpublished opinion. The Ninth Circuit further held that he could not establish standing based

20  on his interest in seeing the federal courts perform their duties well.  The Ninth Circuit noted that

21  the U.S. Supreme Court has repeatedly admonished against taking jurisdiction over cases involving

22  something less than a "personal," "particularized" and "concrete" injury. *Schmier*, *supra*, 822.

23      By amending his complaint to avoid overtly petitioning for review of his own loss in the state

24  appellate courts, the plaintiff attempts to avoid operation of the *Rooker-Feldman* doctrine, infra,

25  which precludes review of state court decisions in the federal district courts. But he does so at the

26  cost of losing standing to sue in this court.  Plaintiff apparently reasons that, if this court invalidates

27  the California Supreme Court's carefully-drawn state-wide rules on citation of precedent, the

28  decision against him will become precedent and, as precedent, be more likely to be reviewed by the

1  U.S. Supreme Court.  Presumably, plaintiff hopes that, for the reasons detailed in his detailed FAC,

2  the Court of Appeals decision against him would then be reversed.  However, a chain of speculation

3  does not establish federal standing.  In *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092 (9th

4  Cir., 2000), the Ninth Circuit held that Article III standing requires an injury that is "actual or

5  imminent, not "conjectural" or "hypothetical:"

> "In *Preferred Communications, Inc. v. City of Los Angeles*, 13 F.3d
> 1327 (9th Cir.1994) (per curiam), we held that a company unlawfully
> denied the opportunity to compete for a cable franchise lacked
> standing to bring damage claims against the city for profits the
> company would have received had it been awarded a franchise. *Id.* at
> 1333-34. We concluded the alleged injury was too uncertain because
> it depended on the 'very speculative assumption' that the company
> would have received the franchise as the most qualified competitor
> and 'would have built and operated a profitable cable franchise ... if
> it had only been given the chance.' *Id.* at 1334. Similarly, the other
> students, parents and others likely to attend future Oroville
> graduations lack standing because the likelihood that they will suffer
> a future injury depends upon the highly speculative assumption that
> a student seeking to give a sectarian speech or prayer will be chosen
> as valedictorian or salutatorian, or will be elected by classmates to
> deliver an invocation. (Footnote omitted.) This threat of injury is
> neither real nor immediate. Cf. *Eggar v. Livingston*, 40 F.3d 312,
> 316-17 (9th Cir.1994) (holding that plaintiffs alleging city had policy
> of imprisoning indigent defendants without appointing counsel did
> not have standing to bring declaratory or injunctive claims because
> the likelihood that they would suffer future injury relied on a " 'chain
> of speculative contingencies' ") (quoting *Nelsen v. King County*, 895
> F.2d 1248, 1252 (9th Cir.1990)).

18  *Cole v. Oroville Union High School Dist., supra*, 228 F.3d 1092, 1100.

19  Recently, in *American Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010 (9th Cir.,

20  2006), the Court of Appeals held that, "The 'irreducible constitutional minimum of standing'

21  contains three parts: (1) injury in fact; (2) causation; and (3) likelihood that the injury will be

22  redressed by a favorable decision.'" *American Civil Liberties Union, supra*, 1015, citing *Lujan v.*

23  *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Here, the operative complaint fails to allege

24  causation or a likelihood that plaintiff's injury (the reversal of his money judgment) would be

25  redressed by invalidating the California Rules of Court governing publication.

26

27

28

III.

**UNDER THE *ROOKER-FELDMAN* DOCTRINE, THE DISTRICT COURT LACKS JURISDICTION TO REVIEW STATE APPELLATE DECISIONS.**

Plaintiff is dissatisfied with the results of the state appellate process: the appellate courts reversed a large judgment in his favor. However, plaintiff now avers that he seeks only a declaration that Rule 8.1115(a), California Rules of Court, is "void" on its face. FAC 14: 3-4. Plaintiff's position now seems to be that he has been deprived of his constitutional rights because unknown other litigants, in the future, will not be able to cite the unpublished decision that was adverse to him.

However, reading the FAC's allegations of fact rather than its legal conclusions, plaintiff appears to be again asserting that he was injured because the Supreme Court (wrongly) didn't accept his case for review as a result of the Court of Appeal (wrongly) deciding not to publish its opinion. Although plaintiff asserts that the state Supreme Court's non-citation rule "axiomatically deprives litigants in civil cases resulting in unpublished decisions of their right to judicial review" (FAC 11:13-15), his true position is revealed in his subsequent assertion that "such litigants cannot meet the review criteria under Rule 8.500(b)." FAC 11:16-17. However, Rule 8.500(b) is permissive, not mandatory; it provides that the state Supreme Court may order review "[w]hen necessary to secure uniformity of decision or to settle an important question of law." The federal district court has no jurisdiction to rectify the asserted injury, because to do so it would have to find that the state courts were wrong in the plaintiff's case, or -- as noted above -- rule on the constitutionality of the state Rules of Court that plaintiff lacks standing to attack.

Although plaintiff disavows a current interest in violating the *Rooker-Feldman* doctrine (see, FAC 9: 9-12), four[3] of the FAC's 14 pages are devoted to re-alleging the purported errors of the Court of Appeal in deciding his personal injury case, in not publishing it as precedent under the California Rules of Court, and of the state Supreme Court in denying review. Indeed, at FAC page 9, lines 13-17, "[p]laintiff alleges that his right to review by the CALIFORNIA SUPREME COURT of the underlying unpublished . . . [sic.] was curtailed by direct causal operation of the non-citation

---

3. FAC, page 5, line 17 through page 9, line 17.

1  rule . . . ."

2      But federal district courts are not appropriate forums for the redetermination of state appellate

3  decisions. The proper avenue of appeal is to the California Supreme Court and thereafter, as plaintiff

4  pleads that he is now pursuing, to the United States Supreme Court.[4] Under 28 U.S.C. sec. 1257,

5  jurisdiction to review state court judgments is with the United States Supreme Court only, not with

6  the lower federal courts. The district court is therefore powerless to review decisions of the

7  California Court of Appeal. See *Barry v. Blower*, 864 F.2d 294, 300 (3rd Cir. 1988) [principles of

8  federalism preclude a federal court's direct interference with a state court's conduct of state court

9  litigation]. The federal district courts lack jurisdiction to review state court judgments. *Allah v.*

10  *Superior Court of the State of California*, 871 F.2d 887, 890-91 (9th Cir. 1989).

11      Federal district courts are not appellate tribunals empowered to review state court actions for

12  alleged errors. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S.

13  281, 296 (1970). A federal court has no jurisdiction over issues that are "inextricably intertwined"

14  with allegations underlying the judgment of a state court. *District of Columbia Court of Appeals v.*

15  *Feldman,* 460 U.S. 462, 486-87 (1983). If plaintiff has any standing at all on the basis of his factual

16  allegations in the FAC, his claims are "inextricably intertwined" because the district court would be

17  required to "scrutinize not only the challenged rule itself, but the [state court's] application of the

18  rule..." *Rabatos v. Colorado Supreme Court*, 746 F.2d 1429, 1433 (10th Cir.), *cert. den*, 471 U.S.

19  1016 (1984). As the Supreme Court held in *Feldmann, supra,* 460 U.S. at 486-87, the district courts

20  exercise only original jurisdiction. The U.S. Supreme Court has exclusive jurisdiction to review

21  state decisions. *Id*. at 486. See also 28 U.S.C. §1257.

22      The U.S. Supreme Court recently affirmed that the *Rooker-Feldman* doctrine applies where

---

24      4.      As the district court noted in *Louis v. Supreme Ct. of Nevada*, 490 F.Supp. 1174
(D.Nev. 1980):

25          "If the constitutional issues had been raised in the State Supreme Court and decided

26          erroneously, appeal to the United States Supreme Court would have been the only
            available procedure to correct the error; the jurisdiction of the U.S. District Courts

27          is original only, and not appellate. [citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,
            44 S.C. 149, 68 LED. 362 (1923)."

28  *Louis, supra,* 490 F.Supp. 1174, 1179.

1   the federal plaintiff seeks to "overturn an injurious state-court judgment." *Exxon Mobil Corp. v.*

2   *Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

3           In *K.anna v. State Bar of Cal.*, *supra*, __ F.Supp.2d __ , 2007 WL 2611732, this court held

4   that, while the *Rooker-Feldman* doctrine is not broad in application, the principle clearly applies

5   where, as here, plaintiff directly attacks a state court judgment:

6           "More recently, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
        544 U.S. 280, 125 S.C. 1517, 161 LED.2d 454 (2005), the Supreme
7           Court, consistent with the Ninth Circuit's interpretation of
        *Rooker-Feldman*, emphasized that the doctrine was limited in scope,
8           being `confined to ... ***cases brought by state-court losers***
        ***complaining of injuries caused by state-court judgments rendered***
9           ***before the district court proceedings commenced and inviting***
        ***district court review and rejection of those judgments.***'"

11  *Khan, supra*, __ F.Supp.2d __ (emphasis added).

12          The district courts lack jurisdiction to review state court determinations even when the

13  challenge to the state court decision involves federal constitutional issues. *Branson v. Nott*, 62 F.3d

14  287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th Cir.

15  1986). Characterizing the action as a general constitutional challenge, such as by styling a state court

16  decision not to certify an opinion for publication an "unconstitutional doctrine of 'selective

17  prospectivity' by facilitating the rendering of unassailable, unreviewable, result-oriented decisions

18  . . ." (FAC., 9, 26-27) is of no avail to plaintiff.  District courts have no jurisdiction where it appears

19  on the face of the complaint that the action seeks, in effect, "a review of the merits of a state court

20  action." *Branson, supra*, 62 F.3d at 292. Indeed, the *Branson* court went further, holding that a

21  district court may *sua sponte* sanction such a frivolous and abusive attempted use of judicial process

22  by awarding sanctions under Rule 11, Federal Rules of Civil Procedure.  *Branson, supra*, 62 F.2d

23  287, at 293-94.

24

25

26

27

28

**IV.**

**UNDER THE *YOUNGER* DOCTRINE, THE DISTRICT COURT SHOULD ABSTAIN.**

The abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 42 (1971) militates for dismissal of this matter. The *Younger* abstention doctrine bars federal courts from interfering with pending state court proceedings.   In *Younger,* the U.S. Supreme Court reversed a district court's determination that the California Criminal Syndicalism Act, under which defendant had been indicted, was unconstitutionally vague and over-broad.  The Supreme Court held that the federal court could not enjoin the proceedings because the state criminal action was still pending. *Ibid.*

**A.      All Conditions for *Younger* Abstention Are Met.**

*Younger* abstention is triggered where the state proceedings interfered with are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. v. Koppel* 203 F.3d 610, 613 (9th Cir. 2000); *Parrington v. Gedan* 864 F.2d 464, 470, (9th Cir. 1989) citing *Middlesex County Ethics Committee v. Garden State Bar Assn.* 457 U.S. 423, 432 (1982); *World Famous Drinking Emporium, Inc. v. City of Tempe* 820 F.2d 1079, 1081 (9th Cir. 1987).  All three conditions are met in the present action.

The first condition is readily met because plaintiff, having unsuccessfully petitioned the California Supreme Court for review, is petitioning the United States Supreme Court for certiorari (FAC, 9: 9-12).  His state court case is therefore continuing before the high court.

The second condition for abstention is that the state proceedings implicate important state interests.  The correct adjudication of the underlying high-dollar civil case is a matter of significant state interest and, more importantly, the integrity of the system for managing California's decisional law is an important state interest.  See *Report and Recommendations*, November 2006, California Supreme Court Advisory Committee on Rules for Publication of Court of Appeal Opinions, appended to plaintiff's First Amended Complaint as Exhibit 3.

The third condition for *Younger* abstention is that the state proceedings provide an adequate forum for litigating federal claims.  A state proceeding provides an adequate forum for *Younger* abstention purposes unless state procedural law clearly bars interposition of the federal claims.

1  *Penzoil Co. v. Texaco, Inc.* (1987) 481 U.S. 1, 14; *Dubinka v. Judges of the Superior Court* (9th Cir.

2  1994) 23 F.3d 218, 224.  Here, the plaintiff does not identify any federal claim that he is or would

3  be precluded from adjudicating.  It is plaintiff's burden to show that he would be barred from raising

4  federal claims in the state proceedings.  *Penzoil, supra*, 481 U.S. at 14; *Dowden v. City of*

5  *Sacramento*, 40 F.Supp.2d 1146, 1149 (E.D.Cal. 1999).  Plaintiff alleges no such impediment.

6  Moreover, the Supreme Court has rejected any presumption that state courts will not safeguard

7  federal constitutional rights.  *Middlesex County Ethics Committee v. Garden State Bar Association*

8  457 U.S. 423 (1982).

9  **B.      There Is No Right to a Second Level of Appellate Review by the Supreme Court.**

10       The plaintiff alleges as a constitutional violation that his petition for review in the California

11  Supreme Court was not granted, and asserts that the denial was due to a lesser likelihood of review

12  for unpublished decisions.[5]  However, California law provides for only one appeal as a matter of

13  right, and there is no federal right to appeal.  In the instant case, the plaintiff has had the mandated

14  appeal by California law, although he did not like the result.  The plaintiff does not, and cannot,

15  assert that there is any constitutional right to a have a second level of appeal in the state Supreme

16  Court, any more than he could assert a right to have his case heard in the United States Supreme

17  Court.  See *Porter v. United Services Automobile Ass'n*, 90 Cal.App.4th 837 (2001):

18              "Subject to certain narrow constitutional limitations, there is no right
             to appeal. (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 665-670,

19           94 Cal.Rptr.2d 61, 995 P.2d 191; *Lindsey v. Normet* (1972) 405 U.S.
             56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36.) Rather, absent constitutional

20           restrictions, the right to appeal is wholly statutory. (*People v. Chi Ko
             Wong* (1976) 18 Cal.3d 698, 709, 135 Cal.Rptr. 392, 557 P.2d 976

21           disapproved on another point in *People v. Green* (1980) 27 Cal.3d 1,
             33-35, 164 Cal.Rptr. 1, 609 P.2d 468 ["a judgment or order is not

22           appealable unless expressly made so by statute"]; *Skaff v. Small
             Claims Court* (1968) 68 Cal.2d 76, 78, 65 Cal.Rptr. 65, 435 P.2d 825

23           ["a party possesses no right of appeal except as provided by
             statute"].) "

24

25

26       5.  Although plaintiff asserts a "deliberate" (FAC, 5: 1) use of an unpublished opinion and

27  a "de facto policy of refusing review" of unpublished civil opinions (FAC, 12: 22-23), the California
    Rules of Court in question are reasonably and rationally designed to non-publish cases of lesser

28  precedential value, while the state's highest court necessarily gives priority to the review of the cases
    involving "an important question of law." CRC 8.500(b).

Notice of Hearing; Motion to Dismiss First Amended Complaint; P&A's in Support       Case No.  C 075107 TEH

1 | *Porter v. United Services Automobile Ass'n, supra*, 90 Cal.App.4th 837 at 839-840.

2 | **V.**

3 | **THE ELEVENTH AMENDMENT BARS THIS SUIT AGAINST THE STATE COURTS.**

4 |

5 | **A.    The Eleventh Amendment Precludes Federal Court Jurisdiction in This Suit Against State Courts.**

6 | The Eleventh Amendment of the United States Constitution provides:

7 | "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

8 | one of the United States by citizens of another state . . . ."

9 | U.S. Const. Amend. XI.

10 | The Eleventh Amendment bars suits against states and their agencies for equitable relief as

11 | well as for damages. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state's

12 | sovereign immunity extends to state agencies and to state officers, who act on behalf of the state and

13 | can therefore assert the state's sovereign immunity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*,

14 | 506 U.S. 139, 142-46 (1993); *Pennhurst, supra*, 465 U.S. at 101.

15 | The Eleventh Amendment bars suits which seek either damages *or injunctive relief* against

16 | a state, an arm of the state, its instrumentalities or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d

17 | 1419, 1422-23 (9th Cir. 1991). A state court is an "arm of the state" for purposes of Eleventh

18 | Amendment immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995). The Supreme

19 | Court is a court of the State of California. Cal. Const., art. 6 sec. 2 (West 1987). In *Greater Los*

20 | *Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), plaintiff sought

21 | monetary, injunctive and declaratory relief after county officials refused to provide sign-language

22 | interpreters at public expense. Holding that the Eleventh Amendment precluded equitable relief

23 | against the state court, the Ninth Circuit emphasized that the state's trial court is a state agency:

24 | ". . . state case law and constitutional provisions make clear that the Court is a State agency. See Cal. Const. art. 6 §§ 1, 5 (West Supp.

25 | 1986); *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414,432, 238 P. 687, 694 (1925). The official name of the

26 | court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the

27 | court derives its power from the State and is ultimately regulated by the State."

28 |

1  *Greater Los Angeles Council, supra,* 812 F.2d at 1110.

2          The Ninth Circuit therefore held that "We conclude that a suit against the Superior Court is

3  a suit against the State, barred by the Eleventh Amendment." *Ibid.* The Ninth Circuit elaborated on

4  the underlying policy consideration:

5              "The judicial process is an arena of open conflict, and in virtually
               every case there is, if not always a winner, at least one loser. It is
6              inevitable that many of those who lose will pin the blame on judges,
               prosecutors, or witnesses and will bring suit against them in an effort
7              to relitigate the underlying conflict."
   *Id.,* 1108.
8
9          Importantly, the Court of Appeals further held that "Since the eleventh amendment by its

10  terms bars suits against a state in 'law or equity,' ***our holding necessarily applies also to plaintiffs'***

11  ***claims against the Superior Court for injunctive and declaratory relief.***" (Emphasis added) *Ibid.,*

   fn 10.
12
           Given the bar of Eleventh Amendment immunity, plaintiff's equitable claims against the
13
   Supreme Court of California are barred.
14

15  **B.      The Eleventh Amendment Also Precludes Federal Court Jurisdiction as to Plaintiff's
           Claims for Costs or Money Damages Against State Courts.**
16
           To the extent that the plaintiff seeks relief on a theory that judicial errors in the state courts
17
   entitle him to recover money for costs, he also is barred by the Eleventh Amendment.  Plaintiff
18
   alleges that the California Supreme Court is liable for incorrectly deciding his personal injury action
19
   and for not certifying the result for citation as precedent in later cases.  His suit is directed against
20
   the state courts, and therefore against the State itself, and it is therefore barred by the Eleventh
21
   Amendment.  The Eleventh Amendment bars such suits for money damages in federal court unless
22
   the defendant has waived immunity or Congress has exercised its power under the Fourteenth
23
   Amendment to override that immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66
24
   (1967). Neither exception is applicable here.
25

26

27

28

## VI.

### THE ANTI-INJUNCTION ACT PRECLUDES THE RELIEF SOUGHT BY PLAINTIFF.

To the extent that plaintiff seeks to enjoin the defendant, the State of California's highest court from enforcing rules adopted to govern the creation of precedent in state courts, such an injunction would not only go to controversies not ripe but also would expressly violate the Federal Anti-Injunction Act. That statute, 28 U.S.C., sec. 2283 provides that "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Here, there is no express authorization of Congress, no need to preserve this court's jurisdiction, and no federal judgment to effectuate.

## VII.

### TITLE 8, DIVISION 5 OF THE CALIFORNIA RULES OF COURT IS NOT CONSTITUTIONALLY INFIRM.

Although there is no reason for this court to reach the merits of plaintiff's allegations that Rule 8.1115 is unconstitutional, it may be noted in passing that every appellate court, state or federal, that has considered the validity of the state's publication and citation rules[6] has concluded that California's system for managing the creation and citation of precedent is valid.

### A.    California State Appellate Courts Have Found the State's Publication Rules Constitutional.

In *Schmier v. The Supreme Court of California*, 78 Cal.App.4th 703 (2000), the California Court of Appeal approved the trial court's denial of an injunction against operation of what were then Rules 976-979:

> "To the extent appellant suggests that the common law of England requires that all appellate decisions will be published and may be cited as authority, such a rule is inconsistent with the Constitution and laws of this state, including the rules of court, which have the force of positive law. [Citation.] `As a rule of conduct, [common

---

6.  Formerly Rule 977 et seq., California Rules of Court, now renumbered as Rule 8.1105 et seq. A January 1, 2007 amendment, adopted June 30, 2006 as part of the reorganization of the California Rules of Court, renumbered the rules, and made nonsubstantive changes. (Title 8, Division 5 of the California Rules of Court is attached as Exhibit A, supra.)

1      law] may be changed at the will of the [L]egislature, unless
2      prevented by constitutional limitations. The great office of statutes
    is to remedy defects in the common law as they are developed, and
3      to adapt it to the changes of time and circumstances. [Citation.]'
    [Citation.] By specifically empowering the Supreme Court to
4      determine which opinions of the Court of Appeal are appropriate for
    publication, the Legislature and the electorate have clearly disclosed
5      an intent that the decisional law of this state does not require
    publication of every opinion of the intermediate appellate courts.
6      Rather, the Supreme Court appropriately determines by selective
    publication the evolution and scope of this state's decisional law.

7      "Nor do the rules contravene the doctrine of *stare decisis*, which
    obligates inferior courts to follow the decisions of courts exercising
8      superior jurisdiction. [Citation.] Although the doctrine embodies an
    important social policy by representing an element of continuity in
9      law and serving the psychological need to satisfy expectations, it is
    a principle of judicial policy, not a rule of constitutional or statutory
10     dimension. (See *Helvering v. Hallock* (1940) 309 U.S. 106, 119 [60
    S.Ct. 444, 451, 84 L.Ed. 604, 125 A.L.R. 1368].) Therefore, the
11     Supreme Court–California's highest court–is the appropriate body to
    establish policy for determining those Court of Appeal opinions
12     entitled to the precedential value of the *stare decisis* doctrine.

13 *Schmier, supra*, 78 Cal.App.4th 703, 709-710.

14     For example, in *People v. Superior Court (Clark)* 22 Cal.App.4th 1541 (1994), the

15 Court of Appeal issued a writ of mandate to reinstate special circumstances allegations in a murder

16 prosecution. Defendants alleged that the law of special circumstances had been rendered uncertain

17 after simultaneous passage of Propositions 114 and 115, followed by a Court of Appeal opinion that

18 was depublished after appearing in the advance sheets. Accepting the validity of the publication

19 rules, the *Clark* court summarized the operation of the rules:

20     "In short, while an appellate court may certify (i.e., approve) an
    opinion for publication, the ultimate decision as to whether the
21     opinion shall be published rests with the Supreme Court."

22 *People v. Superior Court (Clark), supra*, 22 Cal.App.4th 1541, 1547-48.

23     In *In re Williams*, 69 Cal.App.3d 840, 842 (1977), the Court of Appeal ordered the

24 Adult Authority to consider narcotics trafficker Williams for parole without regard to a five-year

25 minimum incarceration period that it found constitutionally disproportionate. The court recognized

26 that the precedential value of an earlier opinion had "died aborning when the Supreme Court

27 inexplicably ordered the [earlier] opinion not to be published," but the *Williams* court did not cast

28 doubt on the authority of the Supreme Court to eliminate the case as a citable precedent.

1     **B.**      **Federal Appellate Courts Have Found the State's Publication Rules Constitutional.**

2          Similarly, the federal courts that have considered the question of selective publication have

3 approved publication rules. (The Ninth Circuit and other federal jurisdictions have only recently

4 changed their citability and publication rules as a policy choice.) For instance, the Ninth Circuit

5 upheld the circuit's publication rule in *Schmier v. Ninth Circuit Court of Appeal, supra,* 279 F.3d

6 817, decided chiefly on standing grounds as noted above. Like California's then-Rule 977

7 (renumbered as Rule 8.11), the Ninth Circuit's Rule 36-3 provided that dispositions other than

8 opinions and orders designated for non-publication were not precedential and may not be cited

9 except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

10          After the Ninth Circuit's *Schmier* decision, Judge Kozinski of that court wrote learnedly and

11 with approval of the California depublication rules. In *Hart v. Massanari,* 266 F.3d 1155 (9th Cir.

12 2001), the Ninth Circuit affirmed the constitutionality of the its then-parallel Ninth Circuit Rule

13 36-3. In footnote 30, the Ninth Circuit Court of Appeals held:

14          "Some state court systems apply the binding authority principle
differently than do the federal courts. In California, for example, an
15          opinion by one of the courts of appeal is binding on all trial courts
in the state, not merely those in the same district. . . . . California's
16          management of precedent differs from that of the federal courts in
another important respect: The California Supreme Court may
17          "depublish" a court of appeal opinion--i.e., strip a published decision
of its precedential effect. See Cal. R. Ct. 976(c)(2); Steven B.
18          Katz, California's Curious Practice of "Pocket Review", 3 J.App.
Prac. & Process 385 (2001). California's depublication practice
19          shows that it is possible to adopt more aggressive methods of
managing precedent than those used by the federal courts."
20
*Hart, supra,* 266 F.3d 1155, 1174, fn 30.

21     **C.**      **The Federal Selective Prospectivity Doctrine Does Not Invalidate Title 8,**
22          **Division 5 of the California Rules of Court.**

23          Plaintiff's citation (FAC, 8: 19-28) of *James B. Beam Distilling Co. v. Georgia,* 501 U.S.

24 529 (1991) is inapposite. As the Ninth Circuit observed in *Gray v. First Winthrop Corp.,* 989 F.2d

25 1564, 1571 (9th Cir. 1993):

26          "*Beam* stands for the proposition that once the Supreme Court has
announced a new rule and applied it to the parties before the Court,
27          that new rule must be applied by the courts retroactively to all
pending cases not barred by procedural requirements or res judicata.
28          501 U.S. at ----, 111 S.Ct. at 2448. The *Beam* Court rejected the

1          possibility that courts could switch legal rules on and off by applying
2          new rules on a selectively prospective basis; courts cannot `apply a
         new rule in the case in which it is pronounced, [but] then return to
3          the old one with respect to all others arising on facts predating the
         pronouncement.' *Id.* at ----, 111 S.Ct. at 2444."

4 *Gray, supra,* 989 F.2d at 1571-72.

5      The *Beam* case, involving application of a state liquor tax, was a plurality decision in which

6 the justices differed greatly in their rationale. Justice Souter's opinion, joined only by Justice

7 Stevens, was based on the principles of *stare decisis,* equality, and the rule of law generally.

8 However, Justices Blackmun and Scalia, in separate opinions joined by Justice Marshall, concurred

9 in the judgment on the grounds that Article III prohibited prospectivity for the Supreme Court's own

10 decisions. Thus, *Beam* does not preclude selective prospectivity as a constitutional matter.  See

11 *Atlantic Richfield Co. v. U.S. Dept. of Energy,* 977 F.2d 611 (Em.App., 1992).  The Ninth Circuit

12 has held, "It is a "fundamental misconception that *Beam* was a constitutionally-based decision. But

13 even if *Beam* were constitutionally based, it addressed the Court's Article III powers and not

14 Congress' Article I powers." The selective prospectivity doctrine can never be applicable to a Court

15 of Appeal's unpublished decision, as that unpublished decision–by operation of the very ruler

16 ostensibly being challenged here–does not establish a new rule of law.

17 **CONCLUSION**

18      For the foregoing reasons, and because amendment would be patently futile, the First

19 Amended Complaint should be dismissed with prejudice.

20      Dated: November 30, 2007.

21                  Respectfully submitted,

22                  EDMUND G. BROWN JR.
                 Attorney General of the State of California

23                  PAUL T. HAMMERNESS
                 Supervising Deputy Attorney General
24

25                  /s/ Tom Blake
                 TOM BLAKE
26                  Deputy Attorney General

27                  Attorneys for California Supreme Court

28