**BISNAR | CHASE**
ONE NEWPORT PLACE
1301 DOVE ST., SUITE 120
NEWPORT BEACH, CA 92660
PHONE: (949) 752-2999
FACSIMILE: (949) 752-2777
JOHN P. BISNAR, State Bar No. 80894
BRIAN D. CHASE, State Bar No. 164109

Attorneys for Plaintiff JOSHUA HILD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA HILD,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,<br><br>Defendants. | **CASE NO. C 075107 THE**<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST-AMENDED COMPLAINT. [Fed.R.Civ.P. Rule 12(b)(6)]**[1]<br><br>**DATE:** Jan. 14, 2007<br>**TIME:** 10:00 a.m.<br>**CTRM:** 12 - 19th Fl.<br>The Hon. Thelton Henderson |

[1]/ Given the interference by the holidays with the briefing schedule and Plaintiff's counsel's continuing engagement in a jury trial in Los Angeles County Superior Court, counsel for Defendant graciously agreed to extent the time for the filing of this brief by several days, for which Plaintiff and its counsel are genuinely appreciative.

## I. INTRODUCTION AND FACTUAL BACKGROUND

In the interest of brevity and judicial economy, the Court is respectfully invited to review the Plaintiff's First-Amended Complaint.

## II. LIMITATION ON DISFAVORED RULE 12 MOTIONS

Motions to dismiss under Fed.Rules.Civ.P. Rule 12(b)(6) are disfavored. Similar to a common law demurrer, a Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). Unless, unequivocally, plaintiff cannot state facts entitling him/her to some form of relief, the motion must be denied. *Conely v. Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.* 80 F.3d 336, 337-338 (9th Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974); *Hydrick v. Hunter* 466 F.3d 676, 686 (9th Cir. 2006).

## III. PLAINTIFF POSSESSES STANDING BECAUSE THE NONCITATION RULE DEPRIVED HIM OF THE PROCEDURAL GROUNDS FOR JUDICIAL REVIEW OF THE FLAWED UNPUBLISHED SECOND DISTRICT COURT OF APPEAL OPINION.

There can be no question that Plaintiff Joshua Hild, has standing to bring this action seeking a declaration that Cal Rules of Court, Rule 8.1115(a) is unconstitutional under the facts pleaded in his First-Amended Complaint. Our Supreme Court has enunciated the requirement of standing as "whether the *particular plaintiff* is entitled to an adjudication of the *particular claims* asserted." *Allen v. Wright* 468 U.S. 737, 752, 104 S.Ct. 3315, 3325 (1984) [emphasis supplied]. The standing doctrine is comprised both of constitutional or "Article III" requirements and "prudential considerations." *Gladstone Realtors v. Village of Bellwood* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607 (1979). The

"irreducible constitutional minimum of standing' contains three parts: (1) injury in fact; (2) causation; and (3) likelihood that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Schneider v. Chertoff,* 450 F.3d 944, 959 (9th Cir.2006). The Ninth Circuit has held that "when evaluating whether these three elements are present, we must look at the facts ' *as they exist at the time the complaint was filed.* '" *Lujan,* 504 U.S. at 569 n. 4, 112 S.Ct. 2130.

Under the strict rule that "[s]tanding is determined by the facts that exist at the time the complaint is filed," *American Civil Liberties Union of Nevada v. Lomax* 471 F.3d 1010 (9th Cir. 2006), *citing, Clark v. City of Lakewood* 259 F.3d 996, 1006 (9th Cir.2001), it clear that Plaintiff has established his standing to maintain this action by meeting all three of these grounds.

///

**A. PLAINTIFF HAS SUSTAINED ACTUAL INJURY**

As to the first requirement, Article III standing requires a showing that plaintiff has suffered an actual economic or nonecomic injury, or is threatened with impairment of his interests. *Gladstone, supra,* 441 U.S. at 100, 99 S.Ct. at 1608. The "injury in fact" requirement must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife* 504 U.S. 555, 559-560, 112 S.Ct. 2130, 2136 (1992). In this case, Plaintiff alleged the following facts comprising the actual harm visited upon him as a result of the operation of the noncitation rule of C.R.C. Rule 8.1115(a):

- Plaintiff's "right to review by the CALIFORNIA SUPREME COURT of the underlying unpublished June 25, 2007 Opinion under C.R.C. Rule 8.500(b)(1), was curtailed by direct causal operation of the non-citation rule of C.R.C. Rule 8.1115(a), which prevented Plaintiff from qualifying for such review under the express prerequisite criteria therefor set forth in C.R.C. Rule 8.500(b)(1)," FAC ¶ 21;
- "The mandatory non-citation rule of C.R.C. Rule 8.1115(a) axiomatically deprives litigants in civil cases resulting in unpublished Opinions of their right to judicial review under C.R.C. Rule 8.500(b) (for other than procedural reasons) as a result of the operation of C.R.C. Rule 8.1115(a), because such litigants cannot meet the review criteria under Rule 8.500(b) ["when necessary *to secure uniformity of decision* or to settle an important question of law"] once an Opinion is unpublished, and Defendant SUPREME COURT OF CALIFORNIA, as a matter of both policy and empirical fact, does not grant and has not granted review of such unpublished decisions in civil cases not presenting an issue already before the Defendant SUPREME COURT OF CALIFORNIA arising from a previously published Opinion." FAC ¶ 25(B);
- "Defendant CALIFORNIA SUPREME COURT has a de facto policy of refusing review of unpublished decisions in civil cases, except in rare cases whether that

unpublished decision has implicated an issue already before the CALIFORNIA SUPREME COURT from a published opinion of a Court of Appeal as to which the CALIFORNIA SUPREME COURT has already previously granted review, such that litigants whose appellate decisions would otherwise qualify for review by the Supreme Court under Rule 8.500(b)(1) when the underlying appellate decision is published, are deprived of and denied the right to any such review as a sole, direct, and legal result of the noncitation rule of C.R.C. 8.1115(a) once the appellate court elects to deem the opinion in such case "unpublished." FAC ¶ 25(E)(3);

- "The operation of Rule 8.1115(a) invites and encourages Courts of Appeal to engage in "selective prospectivity," by facilitating the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases dramatically departing from well-settled principles of stare decisis, *including Plaintiff's case hereinbelow*, which can neither be reversed nor even qualify for review under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, and Plaintiff in this case, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, including Plaintiff herein, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, including Plaintiff, than they are applied to all other similarly-situated litigants." FAC ¶ 25(E)(4)
- That "the non-citation rule of C.R.C. Rule 8.1115(a) operates to deprive individuals (*including Plaintiff hereinbelow*) of their constitutionally-protected rights to due process and equal protection, to wit:

  A. Depriving them of the same rights as litigants whose cases were and are resolved on review in published decisions, by depriving them of the ability to qualify for review by the California Supreme Court under C.R.C. Rule 8.500(b)(1), and which did in fact cause Plaintiff's rights to be so deprived hereinbelow.

  B. Exposing them to the unconstitutional doctrine of "selective prospectivity," by facilitating the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases dramatically departing from well-settled principles of stare decisis, *including Plaintiff's case hereinbelow,* which can neither be reversed nor even reviewed under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, *and Plaintiff in this case*, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, including Plaintiff herein, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, including Plaintiff, than they are applied to all other similarly-situated litigants.

Plaintiff also factually supported the allegations that Rule 8.1115(a) had facilitated the Court of Appeal's "selective prospectivity" in Plaintiff's own, particular case, as evidenced by its purposeful refusal to publish the opinion despite the directive of C.R.C. Rule 8.1105(c)(1-8), and its dramatic

deviation from stare decisis in Plaintiff's specific case.[2] As a result of all of the foregoing, Plaintiff

---

[2]/ "A. The Court of Appeal admittedly violated the very standard of review it cited as the proper standard enunciated in *Perez v. Van Groningen, etc.* (1986) 41 Cal.3d 962, admitting factual issues existed precluding adjudication of scope of employment as a question of law --- yet then did impermissibly so anyway, contrary to *Perez, supra*;

B. The Court of Appeal repudiated the jury's actual fact-finding in Mr. Hild's favor, disregarded substantial evidence the jury relied upon supporting the verdict, and instead selectively chose and reweighed the evidence in SCE's favor in order to reverse the judgment for Mr. Hild, contrary to law prohibiting California Courts of Appeal from "substitut[ing] [their] own inferences or deductions" for those of the jury. *People v. Barnes* (1986) 42 Cal.3d 284, 303; *People v. Thornton* (1974) 11 Cal.3d 738, 754; *In re Estate of Beard* (1999) 71 Cal.App.4th 753, 779.

C. The Court of Appeal totally repudiated Defendant CALIFORNIA SUPREME COURT's seminal ruling in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 12, authorizing trial courts to adapt and impose jury instructions on willful suppression of evidence to remedy parties' acts of spoliation of important evidence prejudicial to their opponents (as merely one alternative to recognizing an independent tort cause of action for intentional spoliation of evidence).

D. The Court of Appeal disregarded inferences the jury obviously properly drew against SCE under CACI 204 following SCE's spoliation of the very first handwritten and most critical handwritten account of the incident personally drafted by Ms. Magdaleno, SCE's coverup of that fact in false discovery responses, and the repeated impeachment of Mr. McMillan at trial on the issue. In superimposing its personal belief in SCE's witnesses' credibility over these conflicting adverse inferences arising from the spoliation, Defendant CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT repudiated the primary remedy Defendant CALIFORNIA SUPREME COURT expressly intended be available to Plaintiff in lieu of a cause of action for intentional spoliation of evidence in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1.

E. By totally disregarding all conflicting factual evidence and inferences adverse to SCE subscribed to by the jury, and instead reversing the jury's determination based on its own selection of other evidence favorable to SCE, The Court of Appeal usurped the jury's function and nullified altogether the jury's factfinding on these disputed factual questions, violating Plaintiff's constitutionally-guaranteed right to a jury trial on these factual issues. Cal.Const. Art. I, § 16; U.S. Const. 7th Am.; C.C.P. § 592; Evid.C. § 312; *Cavinin v. Pac. Southwest Airlines* (1983) 148 Cal.App.3d 512, 531; *Olivia N. v. NBC* (1977) 74 Cal.App.3d 383, 389.

F. The Court of Appeal's "unpublished" opinion also dramatically broke new ground holding that, regardless of the admittedly conflicting evidence, the factually disputed admittedly unintentional accident was indistinguishable as a matter of law from rape/sexual battery-intentional tort cases in that no amount of disputed facts will bring ever the case within an employer's scope of employment, *citing Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 219.

G. The Court of Appeal asserted that the scores of well-settled cases cited by Plaintiff holding the issue of scope of employment to be a question of fact in a myriad of factually comparable employer-employee accident cases, quipping "[a]ll of the cases are distinguishable." However, The Court of Appeal thereafter only addressed a single case

alleged that "the operation of Rule 8.1115(a) invites and encourages Courts of Appeal to engage in "selective prospectivity," by facilitating the rendering of unassailable, unreviewable, result-oriented decisions and outcomes in isolated cases dramatically departing from well-settled principles of stare decisis, including Plaintiff's case hereinbelow, which can neither be reversed nor even qualify for review under the criteria of C.R.C. Rule 8.500(b), nor ever subjected to judicial or public scrutiny and/or criticism in the future, after which said Appellate Courts return to standing California precedent for every other case arising on the same facts predating the pronouncement of such unpublished decisions, thus denying citizens and residents of the State of California, and Plaintiff in this case, of their federal constitutional rights guaranteed under the 14th Amendment to due process and further denying such California citizens and residents, *including Plaintiff herein*, equal protection under the law by applying such new result-oriented rules of law arbitrarily, differently, and exclusively to such litigants, *including Plaintiff*, than they are applied to all other similarly-situated litigants." FAC ¶ 25(E)(4).

All of these allegations are presumed true for the purposes of this motion. *Cahill, supra*, 80 F.3d at 337-338. These presumptively-true facts clearly enunciate a showing that Plaintiff has suffered actual injury "by direct causal operation of the non-citation rule of C.R.C. Rule 8.1115(a)," i.e., the loss of ***his own right to review*** of the unpublished opinion reversing/*taking away his money judgment*, and *the denial of his due process and his equal protection rights* as a result of the "selective prospectivity" engaged in by the Court of Appeal in its unpublished opinion, and deliberate nonpublication of their opinion in order to use exploit the noncitation rule of C.R.C. Rule 8.1115(a)

---

cited by Plaintiff, and conspicuously offered no explanation whatsoever as to how or why the scores of other cases cited by Plaintiff which plainly conflicted with its decision, were or are "distinguishable."

H. In never stating, nor apprising Plaintiff of, the revolutionary and controversial new legal grounds replied upon by the Court of Appeal for its unpublished June 25, 2007 Opinion until issuing that Opinion for the very first time, the Court of Appeal further denied Plaintiff any opportunity to address in writing and/or orally, the new and revolutionary grounds it intended to apply, and did so apply in issuing said opinion, and thus denied Plaintiff his due process rights." (FAC ¶ 17)

to effectuate that outcome *against Plaintiff and his due process and equal protection rights.*[3]

**B. RULE 8.1115(A) CAUSED PLAINTIFF ACTUAL INJURY.**

These aforementioned allegations also clearly plead a causal nexus between the alleged unconstitutionality of the rule, and the direct injuries personally suffered by Joshua Hild as a result thereof (that the noncitation rule personally cost him his money judgment, denied him the right to review of the decision doing so, and further denied him his due process and equal protection rights to be treated as all other similarly-situated litigants as a result of the "selective prospectivity engaged in by the Second District Court of Appeal).

**C. PLAINTIFF'S INJURY WOULD BE REDRESSED BY A FAVORABLE DECISION, MANDATORILY MEASURED AT THE TIME HIS COMPLAINT WAS FILED.**

Finally, Defendant argues that the requirement of redressability of injury cannot be met by Plaintiff. However, the very case cited by Defendant, *Lomax, supra*, emphasizes that, by law, "[s]tanding is determined ***by the facts that exist at the time the complaint is filed***." *Id.*, 279 F.3d at 1015; *Clark, supra*, 259 F.3d at 1006 [emphasis supplied].

Moreover, again by the very case cited by the Defendant, "[i]n determining redressability, courts 'assume that plaintiff's claim has merit.'" *Lomax, supra*, 471 F.3d at 1015, citing, *Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir.2004) ("The question in deciding whether a plaintiff's injury is redressable is not whether a *favorable decision* is likely but whether a favorable decision *likely will redress* a plaintiff's injury.").

---

3/ *Schmier v. U.S. Ct. of Appeals for the Ninth Circuit* 279 F.3d 817 (9th Cir. 2002) is inapt, under the well-settled rule that a plaintiff cannot maintain a federal civil action to redress injuries to others, or to assert the rights of third persons, i.e., "the injury that a plaintiff alleges [to meet the standing requirement] must be unique to that plaintiff, one in which he has a "personal stake" in the outcome of a litigation seeking to remedy that harm....Schmier...alleged no facts showing, with specificity, that the prohibition against citing unpublished dispositions will produce an imminent injury personal to Schmier himself ( *e.g.*, as when doing so would lead to the imposition of sanctions on Schmier) *or even to one of Schmier's clients* ( *e.g.*, as when relying on an unpublished decision that would help that client prevail in a litigation)." *Id.*, 279 F.3d at 821. here, in stark contrast, Joshua Hild has alleged that the noncitation rule personally cost him his money judgment, denied him the right to review of the decision doing so, and further denied him his due process and equal protection rights to be treated as all other similarly-situated litigants, clearly an injury personally injurious to him (notwithstanding that other litigants may also have been similarly affected by the rule and will be so affected in the future).

Accordingly, as the Ninth Circuit Court did in *Lomax, supra*, this Court must, for the purposes of "redressability," assume that Plaintiff Hild's original complaint filed with this Court had merit. *Id.*, 471 F.3d at 1015-1016. ***If "the district court had the power to prevent the injury at the time the complaint was filed, the [Plaintiff's] injury was redressable.*** " *Id.*, 471 F.3d at 1016 [emphasis supplied].

Plaintiff's complaint in this action was filed on October 4, 2007. At that time, the Defendant has not yet ruled on his Petition for Review.

Only on October 24, 2007, some three weeks later, did the Supreme Court finally deny that Petition for Review. (FAC ¶ 20)

Thus, at the time the Plaintiff's complaint herein was filed on October 4, 2007, had this Court ruled Rule 8.1115(a) unconstitutional, Defendant CALIFORNIA SUPREME COURT would have had to consider the Court of Appeal's deliberately unpublished opinion a "published" opinion, which would have qualified that opinion for review under Rule 8.500(b). Specifically, once that opinion was no longer "unpublished" its citeable, dramatic departure of that decision from stare decisis, would have created a clear lack of uniformity of decision among the circuits on the points raised and raised important questions of law.[4]

---

[4]/ The clearly result-oriented "unpublished" opinion at issue:

1. Created a new, "one-time" standard of review for "scope of employment," by repudiating the previous, proper, prevailing standard enunciated set forth by the Supreme Court in *Perez v. Van Groningen, etc.* (1986) 41 Cal.3d 962, despite its obligation to follow the law as set forth by the Supreme Court. *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455;

B. The Court of Appeal repudiated the jury's actual fact-finding in Mr. Hild's favor, disregarded substantial evidence the jury relied upon supporting the verdict, and instead selectively chose and reweighed the evidence in SCE's favor in order to reverse the judgment for Mr. Hild, contrary to law prohibiting California Courts of Appeal from "substitut[ing] [their] own inferences or deductions" for those of the jury. *People v. Barnes* (1986) 42 Cal.3d 284, 303; *People v. Thornton* (1974) 11 Cal.3d 738, 754; *In re Estate of Beard* (1999) 71 Cal.App.4th 753, 779.

C. The Court of Appeal repudiated Defendant CALIFORNIA SUPREME COURT's seminal ruling in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 12, authorizing trial courts to adapt and impose jury instructions on willful suppression of evidence to remedy parties' acts of spoliation of important evidence prejudicial to their opponents (as merely one alternative to recognizing an independent tort cause of action for intentional spoliation of evidence), again contravening *Auto Equity Sales, Inc. v. Superior*

Thus, for the purposes of "redressability," as measured as of October 4, 2007, because ***"the district court had the power to prevent the injury at the time the complaint was filed, the [Plaintiff's] injury was redressable."*** *Lomax, supra*, 471 F.3d at 1016 [emphasis supplied].

Consequently, and for all of these reasons, Plaintiff Joshua Hild clearly has standing to maintain this action as against the noncitation rule of C.R.C. 8.1115(a).

---

*Court* (1962) 57 Cal.2d 450, 455.

D. The Court of Appeal disregarded inferences the jury obviously properly drew against SCE under CACI 204 following SCE's spoliation of the very first handwritten and most critical handwritten account of the incident personally drafted by Ms. Magdaleno, SCE's coverup of that fact in false discovery responses, and the repeated impeachment of Mr. McMillan at trial on the issue. In superimposing its personal belief in SCE's witnesses' credibility over these conflicting adverse inferences arising from the spoliation, the Court of Appeal repudiated the primary remedy Defendant CALIFORNIA SUPREME COURT expressly intended be available to Plaintiff in lieu of a cause of action for intentional spoliation of evidence in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1.

E. By totally disregarding all conflicting factual evidence and inferences adverse to SCE subscribed to by the jury, and instead reversing the jury's determination based on its own selection of other evidence favorable to SCE, The Court of Appeal usurped the jury's function and nullified altogether the jury's factfinding on these disputed factual questions, violating Plaintiff's constitutionally-guaranteed right to a jury trial on these factual issues. Cal.Const. Art. I, § 16; U.S. Const. 7th Am.; C.C.P. § 592; Evid.C. § 312; *Cavinin v. Pac. Southwest Airlines* (1983) 148 Cal.App.3d 512, 531; *Olivia N. v. NBC* (1977) 74 Cal.App.3d 383, 389.

F. The Court of Appeal's "unpublished" opinion also dramatically broke new ground holding that, regardless of the admittedly conflicting evidence, the factually disputed admittedly unintentional accident was indistinguishable as a matter of law from rape/sexual battery-intentional tort cases in that no amount of disputed facts will bring ever the case within an employer's scope of employment, *citing Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 219.

G. The Court of Appeal asserted that the scores of well-settled cases cited by Plaintiff holding the issue of scope of employment to be a question of fact in a myriad of factually comparable employer-employee accident cases, quipping "[a]ll of the cases are distinguishable." However, The Court of Appeal thereafter only addressed a single case cited by Plaintiff, and conspicuously offered no explanation whatsoever as to how or why the scores of other cases cited by Plaintiff which plainly conflicted with its decision, were or are "distinguishable."

H. In never stating, nor apprising Plaintiff of, the revolutionary and controversial new legal grounds replied upon by the Court of Appeal for its unpublished June 25, 2007 Opinion until issuing that Opinion for the very first time, the Court of Appeal further denied Plaintiff any opportunity to address in writing and/or orally, the new and revolutionary grounds it intended to apply, and did so apply in issuing said opinion, and thus denied Plaintiff his due process rights." (FAC ¶ 17)

## IV. UNDER *ROOKER-FELDMAN* THIS COURT EXPRESSLY HAS THE JURISDICTION TO DECLARE A GENERAL COURT RULE, C.R.C. RULE 8.1115(A), UNCONSTITUTIONAL.

The limited declaratory relief sought in this action is precisely that which the Supreme Court stated in its seminal decision in *District of Columbia v. Feldman* 460 U.S. 462, 486-487 (1983) , i.e., that this Court has jurisdiction over a general challenge to the constitutionality of state court's rule. *Id.* Therein, Marc Feldman and Edward Hickey both filed complaints in U.S. District Court after the District of Columbia Court of Appeals denied their petitions for waiver of the District of Columbia Bar admission rule 46(I)(b)(3) that required attorney applicants to the D.C. Bar to have graduated from a law school approved by the American Bar Association. *Id.* Their complaints not sought federal court substantive review of the final decisions of the District of Columbia Court of Appeals denying those petitions, but also challenged the constitutionality of the Bar admission rule itself.

The U.S. District Court dismissed their complaints in their entirety (including the declaratory relief sought to strike down Rule 46(I)(b)(3)), and the D.C. Circuit Court of Appeals upheld that dismissal, under the *Rooker* doctrine. The Supreme Court granted certiorari, and reversed the portion of the dismissal seeking declaratory relief that Rule 46(I)(b)(3) was unconstitutional. As the Supreme Court explained:

> "The District of Columbia Circuit properly acknowledged that the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings. Review of such determinations can be obtained only in this Court. See 28 U.S.C. § 1257. See also *Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)....
>
> "As we have noted, *supra*, at 1311, a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court. Therefore, to the extent that Hickey and Feldman sought review in District Court of the District of Columbia Court of Appeals' denial of their petitions for waiver the District Court lacked subject matter jurisdiction over their complaints. Hickey and Feldman should have sought review of the District of Columbia Court of Appeals' judgments in this Court. ***To the extent that Hickey and Feldman mounted a general challenge to the constitutionality of Rule 46 I(b)(3), however, the District Court did have subject matter jurisdiction over their complaints....***
>
> "The respondents' claims that the rule is unconstitutional because it creates an irrebuttable presumption that only graduates of accredited law schools are fit to practice law, discriminates against those who have obtained equivalent legal training by other means, and impermissibly delegates the District of Columbia Court of Appeals' power to regulate the bar to the American Bar Association, do not require review of a judicial decision in a particular case. The District Court, therefore, has

subject matter jurisdiction over these elements of the respondents' complaints..." *Id.*, 460 U.S. 476-487.

The line of demarcation is that a state court loser may not seek judicial review of a state court decision by the District Court to "overturn an injurious state court judgment." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Kanna v. State Bar of California* 505 F.Supp. 633 (N.D. Cal. 2007).

In this case, Plaintiff has made it clear that he is not seeking judicial review of the unpublished June 25, 2007 decision of the Second District Court of Appeal, and recognizes that judicial review of its merits now lies solely with a petition for writ of certiorari to the U.S. Supreme Court, *accord Feldman, supra,* which is in process. (FAC ¶ 20) Plaintiff is clearly not seeking judicial review of the unpublished opinion at issue, nor is he herein seeking an impermissible order "overturn[ing] an injurious state court judgment," *Exxon Mobil Corp., supra,* 544 U.S. at 292; *Kanna, supra,* 505 F.Supp. at 642-643. The actions of the Second District Court of Appeal alleged in the pleading were asserted solely for the purposes of explaining the cause-and-effect relationship between the Rule at issue, C.R.C. Rule 8.1115(a) and the harm to Plaintiff's constitutional rights, and to foundationally, factually establish Plaintiff's standing, discussed in detail above.

Thus, the only relief sought herein from this Court is a declaration that the noncitation rule of C.R.C. Rule 8.1115(a) is unconstitutional. Accordingly, ***"[t[o the extent that [Plaintiff has] mounted a general challenge to the constitutionality of [C.R.C.] Rule [8.1115(a)], however, the District Court d[oes] have subject matter jurisdiction over [his] complaint..."*** *Feldman, supra*, 460 U.S. at 482.

Defendants' argument that Plaintiff is somehow seeking relief that his pleading clearly shows he is not seeking, neither makes it so, nor furnished grounds this motion to dismisss under Rule 12(b)(6).

## V. THE ABSTENTION DOCTRINE IS INAPPLICABLE, BECAUSE THE STATE COURT PROCEEDINGS ARE CONCLUDED.

Abstention is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *New Orleans Pub. Service, Inc. v. Council of City of New Orleans* 491 U.S. 350, 359, 109 S.Ct. 2506, 2513. Unless "vital state interests" are at stake, federal courts have an "unflagging obligation" to exercise their jurisdiction. *Id.* Moreover, in this case,

the unconstitutional acts occurred at the conclusion of the litigation process, and Plaintiff was never given an adequate forum for litigating the federal claims because those claims arose only at the conclusion of the litigation process, i.e., with the unpublished opinion. Issuance of that opinion as deliberately "unpublished" cut off any chance for review by the California Supreme Court, and that Court in fact denied that petition summarily without consideration of the merits, precisely because it was deemed unpublished. Consequently, Plaintiff never had any opportunity to litigate his constitutional claims before the state courts, or develop a record pertinent thereto, fatal to exercise of abstention. *Middlesex County Ethics Comm'ee v. Garden State Bar Ass'n.* 457 U.S. 423, 431, 102 S.Ct. 2515. Furthermore, there are no two (2) appeals in this case, because prospective appeal from this decision does not involve review of the underlying decision, a impliedly contended by Defendant.

## VI. THE ELEVENTH AMENDMENT DOES NOT BAR THIS SUIT, BECAUSE NO DAMAGES OR INJUNCTIVE RELIEF IS SOUGHT.

As Defendant is well aware from the amendments to the pleading, Plaintiff is seeking neither damages nor injunctive relief against the Defendant, which are generally barred by the Eleventh Amendment, subject to the exception of *Ex parte Young* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, recently discussed by the high Court in *Idaho v. Coeur D'Alene Tribe of Idaho* 521 U.S. 216, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). Under the exception of *Ex parte Young, supra*, claims for solely declaratory relief may proceed in the District Courts to preclude ongoing state conduct violative of individual's federal constitutional rights. As the Ninth Circuit recently concluded in *Agua Caliente Band of Cahuilla Indians v. Hardin* 223 F.3d 1041, (2000):

> "The *Young* doctrine strikes a delicate balance by ensuring on one hand that states enjoy the sovereign immunity preserved for them by the Eleventh Amendment while, on the other hand, 'giving recognition to the need to prevent violations of federal law. *Coeur D'Alene,* 521 U.S. at 269, 117 S.Ct. 2028. And while the Supreme Court has recently revisited the scope of both the Eleventh Amendment and the *Young* exception in *Coeur D'Alene* and in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Court has made it clear that it does not 'question the continuing validity of the *Ex parte Young* doctrine.'" *Coeur D'Alene*, 521 U.S. at 269, 117 S.Ct. 2028.

The Supreme Court in *Coeur D'Alene* further emphasized that in cases involving unconstitutional state action, that the suit has personally named the highest-ranking state officer as the Defendant "acting his or her official capacity," is a meaningless fiction, because "[t]he legal interests served by

the Eleventh Amendment are not to be sacrificed to elemental mechanics of captions and pleading." *Id.*, 521 U.S. at 270.[5] "There are, in general, two instances where *Young* has been applied. The first is where there is no state forum available to vindicate federal interests, thereby placing upon Article III courts the special obligation to ensure the supremacy of federal statutory and constitutional law. This is a most important application of the *Ex parte Young* doctrine, and is exemplified by the facts in *Young* itself....[¶] Even if there is a prompt and effective remedy in a state forum, a second instance in which *Young* may serve an important interest is when the case calls for the interpretation of federal law....[¶] Our precedents do teach us, nevertheless, that where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar." *Id.*, 521 U.S. at 276-277. However, the approach to the *Young* doctrine involves a "case-by-case approach..." *Id.*, 521 U.S. at 279.[6]

In one of its more recent pronouncements on this issue post-*Coeur D'Alene*, the Ninth Circuit Court of Appeals in 2000 upheld the Plaintiff's right to seek declaratory relief against the California State Board of Equalization seeking a declaration that California's sales and use tax violated federal law, rejecting the Defendants' Eleventh Amendment immunity defense finding, based on *Coeur D'Alene, supra*, that the *Young* doctrine is alive and well, and that the Plaintiff's "requested relief would not affect California's sovereignty interests in the merits...but would ensure that the state sales and use tax be applied by state officials in a manner consistent with federal law." *Id.*, 223 F.3d at 1949.

Under specific of this case, both of the *Young* criteria enunciated by the Supreme Court exist.

---

5/ Thus, as this action is clearly brought to seek invalidation of allegedly unconstitutional C.R.C. Rule 8.1115(a), it is an immaterial distinction that the named Defendant is the Supreme Court or California, or Chief Justice, Ron George, in his representative capacity for the Supreme Court of California, and even if form were permitted to prevail over substance, leave to amend to restyle the caption of the action as one against the Chief Justice in his representative capacity, would be obligatory under Fed.R.Civ.P. Rule 15(a) and well-settled case authorities. *See, Allen v. City of Beverly Hills* 911 F.2d 367, 373 (9th Cir. 1990). This follows whether leave has been requested or not. *Doe v. United States* 68 F.3d 494, 497.

6/ It is noteworthy that moving party conspicuously omits any reference to the *Ex parte Young* doctrine, and further cites only Ninth Circuit authorities pre-dating the Supreme Court's June 23, 2007 in support of its Eleventh Amendment argument.

First, "no state forum available [exists] to vindicate [Plaintiff's] federal interests, thereby placing upon Article III courts the special obligation to ensure the supremacy of federal statutory and constitutional law. This is a most important application of the *Ex parte Young* doctrine, and is exemplified by the facts in *Young* itself." *Court D'Alene, supra*, 521 U.S. at 276-277. This follows because the very constitutional concerns raised by Plaintiff herein only occurred at the time of publication of the nonpublished opinion, and the very conflict of C.R.C. Rule 8.1115(a) precluded any state court review (then at that late stage by the State Supreme Court), because the act of deeming the opinion "unpublished" deprived Plaintiff, by operation of Rule 8.1115(a), Plaintiff of any right to review under C.R.C. Rule 8.500(b). In sum, there is no there is no state forum remedy at all, let alone a prompt and effective remedy one. The second *Young* factors is also met here, because this case clearly calls for the interpretation of federal law, i.e., the United States constitution. *See, Coeur D'Alene, supra*, 521 U.S. at 276-277. Moreover, there has been no showing or suggestion that Plaintiff's "requested relief would [] affect California's sovereignty interests on the merits...but would ensure that the [Rules governing fair treatment of litigants as between the use of published and published opinions under the 14th Amendment, equal protection and due process clause of the federal constitution] be applied by state officials in a manner consistent with federal law." *Id.*, 223 F.3d at 1949. Accordingly, at worst case, and if genuinely necessary Plaintiff should be granted leave to amend as their underlying substantive claims are clearly actionable in thus Court under the *Younger* exception to Eleventh Amendment immunity.

## VII. DEFENDANT'S CONTENTION THAT THE NINTH CIRCUIT AND STATE COURTS HAVE SOMEHOW FOUND RULE 8.1115(A) CONSTITUTIONAL, IS INCORRECT.

Defendant's assertion that the Ninth Circuit has found C.R.C. Rule 8.1115(a) constitutional is simply wrong. In *Schmier v. Ninth Circuit Court of Appeal*, 279 F.3d 817 (9th Cir. 2002), the Ninth Circuit granted a motion to dismiss Plaintiff's complaint for lack of standing, where the Plaintiff attorney, without an injured client or a personal stake, could not show a "cognizable injury" suffered as a result of then-extant 9th Circuit Rule 36-3. The constitutionality of C.R.C. Rule 8.1115(a) (based on violation of due process, equal protection, and "selective prospectivity") was never therein brought before the Court, and the Ninth Circuit did not even reach the merits of Plaintiff's constitutional

claims, except anecdotally to refer to its decision in *Hart v. Massanari* 266 F.3d 1155 (9th Cir. 2001), as possibly foreclosing "one of the many theories alleged by [Plaintiff] Schmier." However, the case alluded to, *Hart, supra*, is equally inapt because the only constitutional challenge to Rule 36-3 in *Hart* (alluded to in *Schmier, supra*) was an Article III challenge (i.e., exercise of judicial power precludes federal courts from making rulings that are not binding in future cases.) *Id.*

In *Hart, supra*, the attorney in question, defending against a court-imposed order to show cause for the citation of unpublished authority in an opening brief, challenged the rule 36-3 on the grounds that it violated Article III of the constitution, as concluded the Eighth Circuit Court of Appeals in *Anastasoff v. United States* 223 F.3d 898, *vac. as moot on reh'g en banc*, 235 F.3d 1054 (8th Cir. 2000). Of course, since December 1, 2006, Fed.R.App.Proc. Rule 36-1 has been in force prohibiting any Circuit Court of Appeals (including the Ninth Circuit) from restricting the citation of unpublished opinions, so the quoted decisions of the Ninth Circuit are of questionable value in any event. But clearly neither case was called upon to consider the question of whether C.R.C. Rule 8.1115(a) was constitutional under the due process, equal protection clauses and/or its facilitation of unconstitutional "selective prospectivity." It is an axiom that cases are not authority for propositions not considered.

In *Schmier v. Supreme Court* 78 Cal.App.4th 703 (2000), the First Appellate District Court of Appeal held that Mr. Schmier, again an attorney without a client or a personal stake, had no standing to attack the validity of California Rules of Court Rules 976-979. Despite Schmier's lack of standing, the Court went on in the vacuum of any specific facts alleged, to give a broad brush of approval generally to these publication rules, clearly without ever examining or considering the specific factual issue presented by this very case (or the specific rule at issue herein - then Rule 977, now Rule 8.1115(a)): whether application of the "unpublished" moniker by a court of appeal was in fact misused to legitimize unconstitutional selective prospectivity (a denial of equal protection and due process), by axiomatically the case ineligible for review under C.R.C. Rule 8.500(b) as a result of the non-publication decision alone.[7] Once again, cases are not authority for propositions not

---

7/ Similarly, neither *People v. Superior Court* 22 Cal.App.4th 1541 (1994), nor *In re Williams* 69 Cal.App.3d 840 (1977) were presented with the question of the federal constitutionality of C.R.C. Rule 8.1115(a) on due process, equal protection, and/or selective

considered.

## VIII. THE ANTI-INJUNCTION ACT DOES NOT APPLY AS NO INJUNCTIVE RELIEF HAS BEEN SOUGHT.

Again, it is unclear why this argument has even been made, since no such relief has been sought in the FAC.

## IX. BEAM CONSTITUTIONALLY PROHIBITS THE MISCONDUCT ALLEGED HEREIN.

In its last, confusing argument, Defendant argues that *James B. Beam Distilling Co. v. Georgia* 501 U.S. 529 (1991) is somehow inapt, because it was a plurality decision, and somehow does not say what it said. Therein, the majority clearly held that "selective prospectivity," i.e., a court's apply[ing of] a new rule in the case in which it is pronounced, then [its] return to the old one with respect to all others arising on facts predating the pronouncement....breaches the principle that litigants in similar situations should be treated the same, a fundamental component of *stare decisis* and the rule of law generally." *Id.*, 501 U.S. at 537. Plaintiff's presumptively-true pleaded facts clearly establish a prima facie case of selective prospectivity. Defendant's self-fulfilling prophesy that selective prospectivity cannot occur here, because the unpublished decision does not create precedent, does not unwind the constitutional injury inflicted upon the Plaintiff outlawed in *Beam, supra*.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully submits that this motion must be denied, and/or Plaintiff granted leave to amend as indicated hereinabove.

///

DATED: December 26, 2007

BISNAR | CHASE

By: ______________________
BRIAN D. CHASE
Attorneys for Plaintiff

---

prospectivity grounds.

**PROOF OF SERVICE**

***Joshua Hild vs. California Supreme Court, et al.***
**CASE NO. C-07-05107-TEH**

I am employed in the county of Orange, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove Street, Suite 120, Newport Beach, California.

On December 27, 2007, I served the foregoing **OPPOSITION TO MOTION TO DISMISSS FIRST-AMENDED COMPLAINT FOR DECLARATORY RELIEF** on all interested parties in this action:

( ) **BY MAIL,** by placing a true copy thereof, in an sealed envelope to the addressee(s) ON THE ATTACHED SERVICE LIST, and depositing the same into the United States mail at the address located set forth hereinabove, with sufficient first-class postage thereon pre-paid:

(X) **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY GUARANTEED** by placing a true copy thereof, in an sealed envelope to the addressee(s) ON THE ATTACHED SERVICE LIST, and depositing the same into the **OVERNITE EXPRESS** mail drop at the address located set forth hereinabove, with postage pre-paid.

(X) **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed ON THE ATTACHED SERVICE LIST:

( ) **BY PERSONAL SERVICE,** by personally delivering the same to the addressee(s) listed ON THE ATTACHED SERVICE LIST:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 27, 2007, at Newport Beach, California.



Angie Oremus

| ***Counsel*** | ***Party(s)*** |
| --- | --- |
| Tom Blake, Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Tel: (415) 703-5506<br>Fax: (415) 703-5480 | Attorneys for Defendants<br>CALIFORNIA SUPREME COURT and CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT |