EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
TOM BLAKE
Deputy Attorney General
State Bar No. 51885
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5506
  Fax: (415) 703-5480
  Email: tom.blake@doj.ca.gov
Attorneys for California Supreme Court

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOSHUA HILD,**<br><br>                              Plaintiff,<br><br>v.<br><br>**CALIFORNIA SUPREME COURT; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT,**<br><br>                            Defendants. | C 075107 THE<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT [Rule 12(b), F.R.C.P.]**<br><br>Date: January 14, 2008<br>Time: 10:00 a.m.<br>Ctrm: 12 – 19th Floor<br>Judge: Hon. Thelton E. Henderson |

      The plaintiff's opposition to the motion to dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure affirms that plaintiff does not seek an injunction or damages against the state Supreme Court, and that what the plaintiff asks this court to do is declare unconstitutional the California Supreme Court's rule controlling the creation of precedent (Rule 8.1115(a), California Rules of Court). Opposition, p. 11, lines 11-12.

      While moving party will not repeat the grounds for dismissal cited in the moving papers, it is noteworthy that Plaintiff has not established standing. As he admits, the injury must be to a "legally protected interest," but his alleged injury does not meet that requirement. As set out in the moving papers, plaintiff has no "right to review" by the California Supreme Court, so has no legally protected interest in such a non-existent right. To the extent he now claims his injury was the loss on appeal of his money judgment, he also has no legally protected interest in having a judgment

upheld on appeal. As noted in the moving papers, his redress from such a legal error is by appeal, ultimately to the United States Supreme Court, not by way of a new suit in this court against the courts of California.

Even if either "right to review" or "right to win on appeal" were a protectable interest, which they are not, plaintiff has not established how any injury to those supposed interests could possibly have been redressed by this court. Rule 8.115 simply says that an unpublished opinion "must not be cited or relied on by a court or a party in any other action." Even if that rule were found to be unconstitutional, Rule 8.500, which sets forth the grounds for discretionary review by the California Supreme Court, would be unchanged. As this court has no jurisdiction to order the California Supreme Court to review plaintiff's state court case, it cannot redress the alleged loss of a non-existent "right" to review.

The decision in *Schmier v. Ninth Circuit Court of Appeals*, 136 F.Supp.2d 1048 (N.D. Cal. 2001), decided by this District Court, is instructive on the standing issue. The plaintiff challenged the Ninth Circuit's then analogous publication rules.[1] This Court held that, while the trial court is to accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party:

> "At the pleading stage, therefore, a plaintiff's general factual allegations of injury resulting from the defendant's conduct may suffice to survive a motion to dismiss. *Lujan,* 504 U.S. 555, 561, 112 S.Ct. 2130 (1992). Nevertheless, ***the plaintiff must in fact make such allegations***. See *Tyler,* 236 F.3d at 1131 (noting that the plaintiff bears the burden of demonstrating standing). As defendants correctly assert, Schmier's inability to make allegations about a concrete and particular injury is fatal to his case."

*Schmier v. Supreme Court of California, supra*, 1051; emphasis added.

The case of *Schmier v. The Supreme Court of California*, 78 Cal.App.4th 703 (9th Cir. 2000), cited in the opposition (at p. 14, line 16) is also instructive in rejecting a challenge to the California publication rules:[2]

> "However, the complaint does not identify any specific injury appellant or those he

---

1. Then, Ninth Circuit Rules 36-3 and 36-4.

2. Then numbered as Rule 977 et seq, California Rules of Court.

Reply in Support of Motion to Dismiss First Amended Complaint;                    Case No. C 075107 TEH

2

purports to represent have suffered or will suffer due to the nonpublication or depublication of an appellate opinion. Absent such an allegation, appellant lacks standing in this action. However, as discussed below, even were he able to allege a specific situation wherein nonpublication harmed or would harm him, he would be unable to state a viable cause of action."

*Schmier v. The Supreme Court of California, supra*, 708.

In the instant case, plaintiff cannot have it both ways: he alleges that he is entitled to redress because he was harmed by the state court's citation rule, but disavows that he is seeking here to overturn the state court appellate decision against him. If he has not asking this Court to reverse the appellate decision, he has no standing because he cannot allege that he is injured by not being allowed to cite the unpublished decision in an unrelated case (which is all that Rule 8.115 prohibits).

## CONCLUSION

For the reasons set out above and in the moving papers, defendant Supreme Court of California respectfully submits that the motion to dismiss should be granted.

Dated:  December 28, 2007

                                         Respectfully submitted,

                                         EDMUND G. BROWN JR.
                                         Attorney General of the State of California

                                         PAUL T. HAMMERNESS
                                         Supervising Deputy Attorney General

                                         /s/ Tom Blake
                                         TOM BLAKE
                                         Deputy Attorney General

                                         Attorneys for California Supreme Court