# BISNAR | CHASE
CONSUMER ATTORNEYS LLP

February 11, 2008

Honorable Thelton E. Henderson
United States District Court
Northern District - California
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: *Hild v. California Supreme Court*
    No. C-075107 (THE)

Dear Judge Henderson:

We are writing to seek your permission to file a supplemental brief to respond to the Questions for Counsel presented by the Court at the hearing on Defendant's *Motion to Dismiss First Amended Complaint* on February 4, 2008.

The following written questions were posed to counsel for the Plaintiff:

1. Assuming, for the sake of argument, that Plaintiff's premise is true - that unpublished cases are not reviewed by the California Supreme Court because they don't create a need to secure uniformity of decision - why is it a denial of due process to refuse discretionary review of cases which the Court of Appeal already decided do not create new or important law under the criteria of C.R.C. 8.1105(c)?

2. Does Plaintiffs' equal protection challenge allege that Rule 8.1115(a) makes an unlawful distinction between litigants whose cases the Court of Appeal determined meet the criteria of the publication rule, C.R.C. 8.1105(c) and those litigants whose cases don't?

3. Does Plaintiff allege, with this action, that the Court of Appeal intentionally and wrongfully issued an unpublished opinion in *Hild v. Southern California Edison* in order to avoid review by the California Supreme Court?

4. How can unpublished appellate opinions be "selectively prospective" if, under the criteria of C.R.C. 8.1105(c), they do not establish new law? To the extent Plaintiff argues that some unpublished opinions do establish new law, isn't that an argument that the Court of Appeal has misapplied the criteria in Rule 8.1105(c)?

One Newport Place
1301 Dove Street, Suite 120, Newport Beach, CA 92660
949.752.2999  |  949.752.2777 fx
www.bisnarchase.com

5. To have standing, a plaintiff seeking declaratory or injunctive relief must demonstrate that he is "realistically threatened by a repetition of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 1996). How can Plaintiff meet this standard?

6. Would an action brought by a different person seeking precisely the same relief be barred under *Rooker-Feldman*? Why or why not?

Again, Plaintiff would like to file a supplemental brief, not to exceed fifteen (15) pages, to address the questions raised. Thank you.

Yours very truly,

BISNAR|CHASE

*Brian D. Chase*

Brian D. Chase, Esq.


cc: Tom Blake, Esq.