United States District Court
For the Northern District of California

1
2
3                    IN THE UNITED STATES DISTRICT COURT
4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6
7  JOSHUA HILD,
8                           Plaintiff,          NO. C 07-5107 TEH
9           v.                                  ORDER GRANTING MOTION
                                                TO DISMISS
10 CALIFORNIA SUPREME COURT,
   et al.
11
12                          Defendant.
13
14        This matter came before the Court on February 4, 2008 on Defendants' Motion to

15 Dismiss.  This action raises various challenges to California Rule of Court 8.1115(a), which

16 prohibits citation to opinions of the California Court of Appeal or superior court appellate

17 division which are not certified for publication or ordered published.  Defendants move to

18 dismiss.  For the reasons set out below, the Court GRANTS the motion without leave to

19 amend.

20

21 **FACTUAL BACKGROUND**

22        In 2003, Plaintiff Joshua Hild, then a minor, was accidentally blinded by an on-duty

23 employee of Southern California Edison Company ("SCE").  Plaintiff filed a personal injury

24 action against SCE in Los Angeles County Superior Court.  The case ultimately went to trial

25 solely on the question of whether the SCE employee who injured Hild acted in the scope of

26 her employment, and on the issue of Plaintiff's damages.  First Amended Complaint ("FAC")

27 ¶ 10.  The jury found for Plaintiff and awarded him over $700,000.

28

1   SCE appealed.  The Court of Appeal reversed the award in an unpublished decision.

2   FAC ¶ 14.  Plaintiff alleges that, under the rules governing publication, the  opinion should

3   have been published because it broke with and misapplied existing law, and established a

4   new rule of law.[1]  FAC ¶ 17.

5   Plaintiff petitioned for review by the California Supreme Court.  FAC ¶¶ 15-18.  He

6   subsequently filed this action on October 4, 2007.  The California Supreme Court denied

7   review on October 24, 2007.   FAC ¶ 20.

8   The primary ground for review of an appellate decision by the California Supreme

9   Court is the need "to secure uniformity of decision or to settle an important question of law."

10  Cal. R. Court 8.500(b)(1).[2]   However, California Rule of Court Rule 8.1115(a) provides that,

11  with a few exceptions inapplicable to the issues raised in the complaint,

12      an opinion of a California Court of Appeal or superior court appellate division that is
        not certified for publication or ordered published must not be cited or relied on by a
13      court or a party in any other action.

14  Cal. Rule of Court 8.1115(a).[3]

15  _____

16      [1]    Rule 8.1105(c) provides that an opinion should be published when it

17      1) Establishes a new rule of law;  (2) Applies an existing rule of law to a set of facts
        significantly different from those stated in published opinions; (3) Modifies, explains, or
18      criticizes with reasons given, an existing rule of law; (4) Advances a new interpretation,
        clarification, criticism, or construction of a provision of a constitution, statute, ordinance, or
19      court rule;  (5) Addresses or creates an apparent conflict in the law; (6)Involves a legal issue
        of continuing public interest; (7) Makes a significant contribution to legal literature by
20      reviewing either the development of a common law rule or the legislative or judicial history of
        a provision of a constitution, statute, or other written law; (8) Invokes a previously
21      overlooked rule of law, or reaffirms a principle of law not applied in a recently reported
        decision.

22

23      [2]   The Court can also grant review if the Court of Appeal had no jurisdiction, that Court of
        Appeal decision lacked the concurrence of sufficient qualified justices, or to transfer the matter back
24      to the Court of Appeal for further proceedings.  Cal.R.Court 8.500(b)(2), (3), (4).

25      [3]   Under subsection (b), an unpublished opinion may be cited or relied on:

26      (1)When the opinion is relevant under the doctrines of law of the case, res judicata, or
        collateral estoppel; or
27
        (2)When the opinion is relevant to a criminal or disciplinary action because it states reasons
28      for a decision affecting the same defendant or respondent in another such action.

1      Plaintiff claims that the Rule 8.1115(a), which prohibits citation of unpublished cases

2 means that unpublished opinions will not create a conflict with published decisions, thereby

3 depriving litigants of the main ground for Supreme Court review – the need to "secure

4 uniformity of decision" – and curtailing those litigants' right to review.  FAC ¶¶ 18-21.

5      Plaintiff's sole cause of action, against the California Supreme Court, seeks a

6 declaratory judgment under 28 U.S.C. § 2201 that the non-citation rule is unconstitutional

7 because it violates litigants' due process and equal protection rights.  Plaintiff asserts several

8 theories: that C.R.C. 8.1115(a) makes unpublished decisions "selectively prospective," that

9 the rule denies litigants the ability to qualify for Supreme Court review, and that the Court of

10 Appeal deliberately used the rule to avoid review in *Hild v. Southern California Edison*.

11      Defendant now moves to dismiss the suit under Fed. R. Civ. Pro. 12(b)(1) and

12 12(b)(6).

13

14 **LEGAL STANDARD**

15      Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

16 plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P.

17 12(b)(6).  In evaluating the sufficiency of a complaint's allegations, a court must assume the

18 facts alleged in the complaint to be true unless the allegations are controverted by exhibits

19 attached to the complaint, matters subject to judicial notice, or documents necessarily relied

20 on by the complaint and whose authenticity no party questions.  *Lee v. City of Los Angeles*,

21 250 F.3d 668, 688-89 (9th Cir. 2001).  In addition, a court need not "accept as true

22 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

23 inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended

24 on other grounds by* 275 F.3d 1187 (9th Cir. 2001).  A court should not grant dismissal

25 unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

26 on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Moreover,

27 dismissal should be with leave to amend unless it is clear that amendment could not possibly

28

United States District Court

For the Northern District of California

1    cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th

2    Cir. 1998).

3           Defendant also moves to dismiss this case for lack of jurisdiction under Federal Rule

4    of Civil Procedure 12(b)(1).  Because Defendant does not seek to rely on any external facts,

5    this is a facial rather than factual challenge to the court's jurisdiction. *See Wolfe v.*

6    *Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (distinguishing between facial and factual

7    jurisdictional attacks).  Consequently, this Court applies a similar standard to Defendant's

8    Rule 12(b)(1) motion as to its Rule 12(b)(6) motion:  Dismissal is appropriate only if the

9    complaint's allegations, which are assumed to be true, are insufficient to support a finding of

10   jurisdiction. *Id.*

11

12   **ANALYSIS**[4]

13   **I.     Plaintiff's Theory That The Non-Citation Rule Creates Prohibited "Selective**
        **Prospectivity"**
14
            Plaintiff alleges that the rule prohibiting citation to unpublished cases makes
15
     unpublished cases "selectively prospective," in violation of the rule announced in *James B.*
16
     *Beam Distilling Co. v. Georgia*, 501 U.S. 529, 537 (1991).  In *Beam*, the Supreme Court held
17
     that a court cannot "apply a new rule in the case in which it is pronounced, then return to the
18
     old one with respect to all others arising on facts predating the pronouncement."  The Court
19
     explained that to do so violate the "equality principle" that "similarly situated litigants should
20
     be treated the same." *Id.* at 540.  Plaintiff claims the non-citation rule makes unpublished
21
     decisions "selectively prospective" by applying the "new result-oriented rules of law"
22
     enacted in unpublished opinions "arbitrarily, differently, and exclusively" to the litigants in
23
     those cases, and not to other, later litigants. *See* FAC ¶ 18, Exh. 4; FAC ¶ 22.b.
24
            The California Court of Appeal considered and rejected the "selective prospectivity"
25
     argument in *Schmier v. Supreme Court of California*, 78 Cal.App.4th 703 (2000).  There, the
26

27           ⁴ After oral argument, Plaintiff requested the opportunity to submit an additional brief on
     those questions that the Court presented to Plaintiff at the hearing.  Plaintiff had ample opportunity
28   to address those questions at the hearing.  The request for additional briefing is denied.

United States District Court

For the Northern District of California

1    plaintiff argued that predecessor versions of California's publication and citation rules

2    violated, *inter alia*, the constitutional right to due process and equal protection. *Id.* at 707,

3    710.   But the Court of Appeal held that the California rules on publication

> ... protect against selective prospectivity by providing a uniform and reasonable procedure to assure that actual changes to existing precedential decisions are applicable to all litigants. They require that all opinions of the state's highest court be published. (Rule 976(a).) They establish comprehensive standards for determining publication of Court of Appeal cases, particularly specifying that an opinion announcing a new rule of law or modifying an existing rule be published. (Rule 976(b).) They permit any member of the public to request the Court of Appeal to publish an opinion and, if the request is denied, require the Supreme Court to rule thereon. (Rule 978.) In short, the rules assure that all citizens have access to legal precedent, while recognizing the litigation fact of life expressed in *Beam* that most opinions do not change the law. If appellant's view prevailed, the Supreme Court would be unable to decertify opinions for publication, which would seriously compromise its ability to control the direction of appellate precedent.

11   *Id.* at 710-711.   Current Rules 8.1105 and 8.1120 retain all of these protections and ensure

12   that cases articulating new rules are published, and that new rules are not, as Plaintiff claims,

13   applied only to certain litigants.

14       The non-citation rule, which means unpublished cases are not precedent, and therefore

15   not "prospective," does not function in isolation.   It depends on the standards for publication

16   contained in Rule 8.1105.   Those criteria, in turn, ensure that *new* rules *are* published and

17   become precedent, to be applied according to the principles of *stare decisis.*   Under

18   California's system for publication and citation of cases, unpublished and uncitable opinions

19   should not announce new rules at all.   They therefore do not lead courts to apply a new rule

20   to only the case in which it is pronounced.   To the extent that unpublished cases do so, it is

21   because the Court of Appeal misapplied the publication criteria – an argument to be raised on

22   direct appeal, and not in a challenge to the citation rule.   This Court therefore agrees with the

23   California Court of Appeal that the rule prohibiting citation to unpublished cases does not

24   impermissibly make those cases selectively prospective.

25   //

26   //

27   //

28

5

**United States District Court**
For the Northern District of California

## II.     Plaintiff's Theory That The Non-Citation Rule Denies Litigants Ability to Qualify for Review

Plaintiff claims that the rule barring citation to unpublished cases denies litigants with unpublished cases "the ability to qualify for review" by the Supreme Court under C.R.C. 8.500(b).  FAC ¶ 21, 22.a.  Plaintiff alleges that the rule therefore violates due process and equal protection rights.  Viewing this claim in the best possible light, this allegation presumably claims that it is a denial of due process to arbitrarily or unfairly refuse certain litigants a type of judicial review, and a denial of equal protection to deny a certain class of litigants a type of judicial review.

### A.   Plaintiff Does Not Have Standing To Bring An Action On This Theory

To carry his burden of showing he has standing, a plaintiff must allege 1) an "injury in fact" that is concrete, particularized, and actual or imminent, not hypothetical; 2) causation; and 3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *American Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

#### 1.        Injury In Fact

Plaintiff claims that Rule 8.1115(a) "cost him his money judgment, denied him the right to review of the decision doing so, and further denied him his due process and equal protection rights to be treated as all other similarly situated litigants."  Opp. 6:26-27 n. 3.

These are different types of injuries, and not all can confer standing.  Plaintiff's allegation that the citation rule "cost him his money judgment," is a claim that the outcome of the state court case would have been different if the decision had been citable (the Supreme Court would have granted review and reversed).   This is the type of injury that courts have held to be too speculative to serve as the basis for Article III standing.  In *Loritz v. U.S. Court of Appeals for the Ninth Circuit*, 382 F.3d 990, 992 (9th Cir. 2004), for example, the Ninth Circuit held that the plaintiff's claim that the outcome of his case would have been different had he been able to cite to a certain unpublished case was too speculative for standing purposes.  Here, Plaintiff similarly asks the Court to engage in speculation and

1   conjecture that the Supreme Court would have granted review and reversed absent the rule

2   barring citation of unpublished cases.

3       The claim that Rule 8.1115(a) denied Plaintiff his right to review, however, alleges

4   another type of injury.  As Defendant points out, there is no constitutional right to appellate

5   review.  California has no constitutional right to an appeal or other review of a judicial

6   decision; the right to an appeal is wholly statutory.  *Porter v. United Services Automobile*

7   *Ass'n,* 90 Cal.App.4th 837*, 839-40;  Powers v. City of Richmond,* 10 Cal.4th 85, 108 (1995);

8   *People v. Davis,*147 Cal. 346, 348 (1905)(no right of appeal to Supreme Court).  Moreover, it

9   is well established that "a State is not required by the Federal Constitution to provide

10   appellate courts or a right to appellate review at all." *Francisco Enterprises, Inc. v. Kirby,*

11   482 F.2d 481, 484 (9th Cir. 1973), *quoting Griffin v. Illinois,* 351 U.S. 12, 18 (1955).

12       However, once a right to appeal is established, a state's procedures "must comport

13   with the demands of Due Process and Equal Protection." *Evitts v. Lucey*, 469 U.S. 387,

14   393-94 (1985);  *Lindsey v. Normet,* 405 U.S. 56, 77 (1972).[5]  Plaintiff claims that his "right

15   to review" under C.R.C. 8.500(b)(1) was "curtailed" by operation of the non-citation rule.

16   That rule holds that the Supreme Court "may"order review "when necessary to secure

17   uniformity of decision or to settle an important question of law."  Viewing the Plaintiff's

18   claims in the best possible light, he argues that he was denied the statutory opportunity or

19   possibility of review – arbitrarily, unfairly, or otherwise in violation of due process, and

20   differently from other similarly situated applicants.

21       Taking Plaintiff's allegations as true, he can show he suffered an injury.  Courts have

22   repeatedly held that in the equal protection context, loss of a chance to compete for a benefit

23   on equal footing with other similarly situated individuals is an injury.  As the Supreme Court

24   explained,

26       [5]  "[A] constitutional violation may cause injury to a legally protected interest that is not
27   itself guaranteed by the Constitution, as when the government denies a class of persons a contractual
    or statutory benefit to which they could otherwise be entitled but for the government's violation of
    their constitutional right to equal protection." *American Civil Liberties Union of N.M. v.*
28   *Santillanes,* 506 F.Supp.2d 598, 620 (D.N.M. 2007)(loss of statutory option to vote in person at
    polling place is injury that confers standing).

United States District Court
For the Northern District of California

> [w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

*Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993), *quoted in Silveira v. Lockyer*, 312 F.3d 1052, 1087 n.53 (9th Cir. 2002); *see also Gratz v. Bollinger*, 539 U.S. 244, 262 (2003)(student denied admission to school because of race preference was injured because he was denied "the opportunity to compete on an equal basis"); *Settles v. U.S. Parole Comm*, 429 F.3d 1098, 1101-02 (D.C. Cir. 2005)(denial of opportunity to seek parole on equal footing is injury). Here, the "benefit" is Supreme Court review, and the non-citation rule is the allegedly unlawful barrier that makes it more difficult for litigants in unpublished cases to obtain review.

Nor was this injury "speculative" or "hypothetical" at the time Plaintiff filed this action. *See Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001)(standing depends on facts as they existed when the case was filed). When Plaintiff filed this action, the California Supreme Court was considering his petition for review; taking the allegations of his complaint as true, he was about to be denied the opportunity to vie for Supreme Court review on equal footing with litigants whose appellate opinions were published.

Plaintiff's case is therefore distinguishable from *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817 (9th Cir. 2002) on which Defendant relies heavily. In *Schmeir*, the plaintiff alleged that litigants and lawyers were beneficially interested in having the court perform its duties and in being able to know how the law is being applied. *Id.* at 819. The Court held that he could not generally assert the rights of litigants or lawyers as a whole. *See also Loritz*, 382 F.3d at 992 (no standing to allege violation of rights of later litigants who might want to cite plaintiff's unpublished case). Because he had "failed to allege any action by the Ninth Circuit that has immediately and personally subjected him to sanctions or has adversely affected one or more of Schmier's clients in a Ninth Circuit litigation," the Court found he had no standing. *Id.* at 821-822. Here, in contrast, Plaintiff

8

**United States District Court**
For the Northern District of California

1  has alleged a concrete injury: deprivation of a chance to petition for review on equal footing

2  with similarly situated litigants.

3        **2.**    **Causation**

4        Plaintiff's FAC clearly alleges that the rule barring citation of unpublished cases

5  diminishes his chances of review, because an unpublished case is less likely to be required to

6  secure uniformity of decision.  FAC ¶ 21; 25.E (setting out statistics to show that California

7  Supreme Court does not review unpublished opinions).

8        **3.**    **Likelihood That Injury Will Be Redressed**

9        Again, to evaluate whether Plaintiff has established that his injury is redressable for

10  standing purposes, this Court must examine the facts as they existed at the time the complaint

11  was filed.  *Lomax,*  471 F.3d 1010, 1015 (9th Cir. 2006), *citing Lujan*, 504 U.S. at 569 n. 4

12  and *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001).  In *Lomax* itself, for

13  example, plaintiffs claimed they were injured by a state rule that prevented their initiative

14  from qualifying for a ballot; although the election had long since passed by the time the case

15  reached the Ninth Circuit, the court examined whether plaintiffs' injury would have been

16  redressed had they won their challenge to the state rule at the time the complaint was filed.

17  471 F.3d at 1015-1016.

18        At the time Plaintiff's complaint was filed, when his petition for review was pending

19  before the California Supreme Court,  a favorable decision finding the non-citation rule

20  unconstitutional would have redressed his injury.  It would have put him on equal footing

21  with other litigants seeking review, removing the alleged barrier to his obtaining review.  *See*

22  *Silveira*, 312 F.3d 1087 n.53.  His injury was redressable when the case was filed.

23        **4.**    **Mootness/Likelihood Plaintiff Will Be Wronged Again**

24        There is no longer a live case or controversy, however, if a determination of the legal

25  issues tendered by the parties "could not serve to prevent" the injury at issue.  *DeFunis v.*

26  *Odegaard*, 416 U.S. 312, 317 (1974).  If Plaintiff is "no longer able to satisfy the

27  redressibility requirement of Article III standing," then his claims are moot.  *Scott v.*

28  *Pasadena Unified School District*, 306 F.3d 646, 656-657 (9th Cir 2003).

United States District Court

For the Northern District of California

1    Today, the California Supreme Court has already declined to review Plaintiff's state

2 court case, and this Court cannot redress Plaintiff's loss of a chance for review.  Past injury

3 alone cannot establish standing; to be entitled to injunctive and declaratory relief,

> ... the Supreme Court has also required that a plaintiff show that "he is realistically
> threatened by a repetition of [the violation]." *Lyons*, 461 U.S. at 109. "The plaintiff
> need only establish that there is a reasonable expectation that his conduct will recur,
> triggering the alleged harm; he need not show that such recurrence is probable." *Jones
> v. City of Los Angeles*, 444 F.3d 1118, 1127 (9th Cir.2006), *citing Honig v. Doe*, 484
> U.S. 305, 318 & n. 6 (1988).

*Truth v. Kent School Dist.,* 499 F.3d 999, 1006 (9th Cir. 2007); *see also Gest v. Bradbury*,

443 F.3d 1177, 1181 (9th Cir. 2006)(extending requirement to declaratory relief claims).

Plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way."

*Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002), *citing City of Los Angeles

v. Lyons*, 461 U.S. 95, 111 (1983); *Armstrong v. Davis,* 275 F.3d 849, 860 -861 (9th Cir.

2001).

    The imminent injury upon which Plaintiff's standing rested when the Complaint was

filed has already occurred.  The case is now moot.  Plaintiff has not alleged a likelihood he

will be subjected to or affected by Cal.R.Court 8.1115(a) in the future.  At oral argument,

Plaintiff asserted he would not seek leave to amend to allege he is "realistically threatened by

a repetition of the violation."  *See Gest*, 443 F.3d at 1181.  He claims that the Complaint

properly alleges Article III standing because standing should be judged at the time the

Complaint is filed.  But the Court cannot treat this case as if it were frozen in time; once

redressibility ends, the case is moot. There is no basis for this Court to find Article III

standing.

## B.    Additional Grounds for Dismissal

    Defendant's discussion of the merits in its motion to dismiss is more a survey of cases

that involve California's publication rules than an actual argument that Plaintiff does not

state a claim.  However, the Court notes that even if Plaintiff had standing to challenge Cal.

R. Court 8.1115(a), his claims are doomed to fail on the merits.

    Plaintiff's Equal Protection claim alleges that the rule barring citation to unpublished

cases divides similarly situated litigants into two classes – those with published opinions,

**United States District Court**
For the Northern District of California

who are more likely to get review, and those with unpublished opinions, who are denied virtually any chance at review.  But where no suspect classes or fundamental rights are at issue, the Equal Protection clause requires only that the government's classification rationally further a legitimate state interest.  *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo,* 505 F.3d 860, 871 (9th Cir. 2007), *citing Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Here, the classification rationally furthers the state's legitimate interests in managing the Supreme Court's caseload, ensuring that the most important cases (primarily among those judged worthy of publication under C.R.C. 8.1105(c)) are reviewed, and controlling the direction of appellate precedent.  *See Schmeir*, 78 Cal.App.4th at 711.  Viewed a different way, litigants whose cases were published are not similarly situated to those whose cases were not published.   A published appellate decision involves a new rule of law, applies an existing rule to new facts, advances a new interpretation of positive law, or otherwise represents an important development in the law.  C.R.C. 8.1105(c).  An unpublished appellate decision falls within that majority of opinions that apply familiar rules and "do not change the law."  *Schmeir*, 78 Cal.App.4th at 711.  Litigants whose cases were decided by published decisions do not stand in the same position as those whose cases were resolved with unpublished decisions.  There is plainly a rational basis for distinguishing between the two.

Moreover, even if California's citation and publication rules do create two tiers of access to review by the California Supreme Court, there is no reason to believe that system violates due process guarantees.  Plaintiff has failed to articulate, either in his opposition or in response to a direct question at oral argument, what is wrong with a process that might lead the California Supreme Court to focus its *discretionary* review on new developments in California decisional law.  As the California Court of Appeal recognized in *Schmeir,*, *supra,* California's publication and citation rules function together as a system, ensuring that important developments in the law are so designated and disseminated to the populace they affect.  Those rules simultaneously keep appellate precedent coherent and manageable.

While even discretionary appellate review must conform to due process requirements, due process does not demand that every case be treated identically.

### III. Plaintiff's Theory That the Court of Appeal Intentionally Issued An Unpublished Opinion In His State Court Case In Order To Avoid Review

Despite Plaintiff's protestations that this case involves "solely" the "general constitutionality of California Rule of Court Rule 8.1115(a) as written," Plaintiff confirmed at oral argument that he also asserts a theory that the California Court of Appeal deliberately and wrongfully issued an unpublished opinion in *Hild v. Southern California Edison* in order to avoid review by the California Supreme Court. This claim in essence argues that the Court of Appeal intentionally misapplied the criteria for certifying an opinion for publication under C.R.C. 8.1105(c). Under the *Rooker-Feldman* doctrine, this Court has no jurisdiction over such a claim.

The *Rooker-Feldman* doctrine provides that federal district courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005). The doctrine essentially bars federal district courts from exercising jurisdiction "over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). While the doctrine bars jurisdiction over a claim that a state court acted unconstitutionally in plaintiff's case, federal courts *may* hear a general challenge to a judicial rule or policy. *Mothershed*, 410 F.3d at 607. Thus, in *Feldman* itself, the federal court had jurisdiction over a general challenge to the District of Columbia bar rule requiring applicants to graduate from an accredited law school, but did not have jurisdiction over a challenge to a District of Columbia court's decision applying that rule to plaintiff applicants. *Id.* at 606. Similarly, in *Craig v. State Bar of California*, 141 F.3d 1353, 1354 (9th Cir. 1998), the federal court had no jurisdiction to hear a challenge to the state supreme court's denial of bar admission, but it could hear a "general

attack" on the state bar rules because "a state supreme court acts in a nonjudicial capacity when it promulgates such rules." *Id.*, cited in *Mothershed*, 410 F.3d at 607.

Here, Plaintiff argues that the Court of Appeal was aware that its decision in *Hild v. Souther California Edison* met seven of eight criteria for publication, FAC ¶ 17, but that the court nevertheless made its decision unpublished to insulate its result-oriented opinion from Supreme Court review. FAC ¶ 18 and Exh. 4. This is an argument that the Court of Appeal acted improperly in Plaintiff's state court case, not a general challenge to a judicial rule or policy. It is barred by *Rooker-Feldman.*

**CONCLUSION**

Defendants' Motion to Dismiss is hereby GRANTED without leave to amend.


**IT IS SO ORDERED.**

Dated:  2/25/08

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT